Argued and submitted August 27, reversed and remanded October 15, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROLANDO VARGAS-SAMADO,
*Defendant-Appellant.*

Lane County Circuit Court
200605476; A133104

195 P3d 464

Kristin Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Brewer, Chief Judge, and Schuman, Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant was convicted after a jury trial of five counts of sexual abuse in the first degree. ORS 163.427. He appeals the convictions, assigning error to the admission of testimony that he asserts impermissibly commented on the credibility of another witness's testimony. We reverse and remand.

■ Defendant was charged with sexually abusing his former stepdaughter. At trial, the victim's mother testified in the state's case-in-chief. Defendant recalled the mother in his case in order to pursue a line of questioning that challenged the credibility of the victim on the basis of previous inconsistent statements that the victim had made about the abuse. On cross-examination, the prosecutor asked the mother whether her daughter's "demeanor" gave her "some indication that [she] should doubt her." Defendant objected to that question on the ground that it called for an impermissible comment on the victim's credibility. The trial court overruled that objection. The following question and answer ensued:

"[PROSECUTOR]: To doubt her. To doubt what she was relating about what happened between her and the defendant was the truth?

"[THE WITNESS]: I never doubted her for a second."

The jury convicted defendant of five counts of sexual abuse in the first degree, but it acquitted him of a first-degree rape count and could not reach a verdict on three remaining rape and sodomy counts.[1] In a single assignment of error on appeal, defendant challenges the admission of the testimony quoted above.

■ "[I]n Oregon[,] a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983); *see also State v. Milbradt*, 305 Or 621, 630, 756 P2d 620 (1988) ("opinion that a person is not deceptive, could not lie without being tripped up, and would not betray a friend (to wit: the defendant) is tantamount to" an expert opinion on

---

[1] The trial court later dismissed those three charges on the state's motion.

credibility, and therefore inadmissible); *State v. McQuisten*, 97 Or App 517, 519-20, 776 P2d 1304 (1989) (officer's statements indicating that he believed story of complaining witness and that her responses were "typical of persons who had been accosted" were inadmissible). However, a witness may, in limited circumstances, give testimony that might permit the jury to infer that the victim was telling the truth but that does not "connect the dots" with an ultimate conclusion that the victim was telling the truth. *See State v. Remme*, 173 Or App 546, 561, 23 P3d 374 (2001) (recognizing distinction between a witness improperly explicitly stating that he or she believes that the complainant is truthful and properly expressing a penultimate opinion as to whether the specific complainant's account comports with more general phenomena or dynamics bearing on credibility); *see also Middleton*, 294 Or at 436 (stating that such testimony might be permissible, for example, to "explain[ ] * * * superficially bizarre behavior by identifying its emotional antecedents").

■    The state asserts that, viewed in context, the challenged testimony permissibly commented only on the victim's "demeanor" in such a way as to show "consistency" in the victim's behavior. According to the state, the witness's testimony might permit the jury to infer that the victim was telling the truth, but it did not "connect the dots" with an improper ultimate conclusion that the victim was telling the truth about the alleged abuse. We disagree. The witness's statement, "I never doubted her for a second," constituted a direct comment on the credibility of the victim. The challenged testimony went well beyond the issue whether the victim's behavior was consistent during the period when the abuse allegedly occurred. Instead, it went directly to the core of the victim's truthfulness. It is difficult to imagine a more stark example of an impermissible comment on a complainant's credibility. Accordingly, the admission of that testimony was error.

The state next argues that any error in admitting the testimony was harmless because defendant's trial strategy, which focused on the victim's inconsistent statements,

may have been partially successful in view of the jury's failure to convict defendant on all counts charged. The state reasons that, if the jury had given any weight to the challenged testimony, it would have convicted defendant of all counts.

■ We will affirm a judgment of conviction notwithstanding the erroneous admission of evidence if there is little likelihood that the admission of the evidence affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). As the court explained in *Davis*, the correct focus of that inquiry "is on the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Id.* As an initial step, the court determines the particular evidentiary issue that is subject to harmless error analysis. *Cf. State v. Cook*, 340 Or 530, 544-45, 135 P3d 260 (2006) (applying that process in the context of a federal harmlessness analysis). After identifying the pertinent issue, the court considers the nature of the erroneously admitted evidence in the context of other evidence on the same issue. *See State v. Gibson*, 338 Or 560, 576-77, 113 P3d 423, *cert den*, 546 US 1044 (2005) (pursuing that inquiry). In determining the possible influence of the error on the verdict, we also consider the importance of the erroneously admitted evidence to a party's theory of the case. *State v. Perkins*, 221 Or App 136, 145, 188 P3d 482 (2008) (declining to find harmlessness where erroneously admitted evidence went "directly to the heart of [the state's] factual theory of the case") (quoting *Davis*, 336 Or at 34). "If erroneously admitted evidence relates to a 'central factual issue' to the case, it is more likely to have affected the determination than if it dealt with a tangential issue." *State v. Roller*, 201 Or App 166, 173, 118 P3d 804 (2005). In short, our function is to determine whether, given the nature of the erroneously admitted evidence and its relationship, as framed by the parties' presentations, to the matters essential to the jury's verdict, there was "little likelihood" that that evidence affected the verdict. *Davis*, 336 Or at 32.

Here, the erroneously admitted evidence went directly to the heart of the state's theory that the victim was telling the truth about the alleged abuse. The fact that the jury did not find defendant guilty of other charges does not

necessarily mean that it was uninfluenced by the challenged testimony in determining that defendant was guilty of the charges on which it convicted him. In short, there is no logical basis to conclude, from the configuration of the jury's verdicts and the evidentiary record before us, that there is little likelihood that that testimony affected the jury's decision. Accordingly, the trial court's admission of the testimony was reversible error.

Reversed and remanded.