Argued and submitted February 21, affirmed March 27, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERRY DOUGLAS JONES,
aka Gerald Douglas Jones,
*Defendant-Appellant.*

Marion County Circuit Court
10C47080; A147758

298 P3d 652

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Shannon T. Reel, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge, and De Muniz, Senior Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Following a trial to the court, defendant was convicted of two counts of first-degree sodomy, ORS 163.405, and one count of first-degree sexual abuse, ORS 163.427. He asserts on appeal that the trial court erred in admitting evidence of prior bad acts. In particular, defendant contends that the trial court improperly admitted evidence that he had previously sexually abused three other children and that he had engaged in "prior conduct concerning urolagnia." As explained below, we conclude that any error in admitting the evidence in question was harmless and, therefore, affirm.

Defendant was charged with a number of crimes arising from allegations that he had sexually abused two young girls. Both of the children testified at trial about the sexual abuse. One of the children, J. F., described in her testimony that defendant had also attempted to engage her in certain urine-related activities. As part of its case, over defendant's objection, the state also presented evidence that defendant had previously engaged in similar conduct with other children. Specifically, it presented the testimony of three women that defendant had sexually abused them and engaged in urine-related activities with them when they were children. Ultimately, the court acquitted defendant on all charges relating to one child. As to the charges relating to the other child, J. F., the court acquitted defendant of two charges and convicted him on three.

On appeal, defendant asserts that the court erred in admitting the evidence relating to the prior acts. *See* OEC 404(3) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."); *State v. Johns*, 301 Or 535, 548, 725 P2d 312 (1986) (OEC 404(3) prohibits the admission of other crimes evidence if the evidence is offered to show the character of a person and that the person acted in conformity therewith); *see also State v. Leistiko*, 352 Or 172, 282 P3d 857, *adh'd to as modified on recons*, 352 Or

622, 292 P3d 522 (2012) (prior bad acts evidence is not admissible to prove intent unless the defendant concedes the charged act itself or the jury is instructed not to consider the prior bad acts evidence unless it finds that the defendant committed the charged act). The state responds, in part, that, even if the evidence was erroneously admitted, any error was harmless. We agree with the state.

"We will affirm a judgment of conviction notwithstanding the erroneous admission of evidence if there is little likelihood that the admission of the evidence affected the verdict." *State v. Vargas-Samado*, 223 Or App 15, 19, 195 P3d 464 (2008). Here, in responding to defendant's objection to certain evidence relating to urine-related activities, the trial court noted that it was "extremely unlikely" that it would hear anything that would "prejudice me * * * based on my 34 years of being in this building and listening to these types of cases[.]"

Later, in discussing its verdict, the trial court explained that it "believe[d] [J. F.]" and that it reached its "verdict based on her testimony." The court specifically stated that the testimony of the other victims "didn't have a big impact" in terms of the verdict and whether it believed J. F. Instead, it emphasized that it was "basing [its] decision on her testimony. And [it] believe[d] her testimony." Nothing in the record demonstrates that the trial court gave an inaccurate description of the basis for its verdict. Given the court's express statement that the prior acts evidence did not have a significant effect on the outcome and that the court had relied on J. F.'s testimony, which it believed, in reaching the verdict, we conclude that there is little likelihood that the admission of the evidence in question affected the trial court's verdict. *See State v. Brooks*, 247 Or App 676, 683, 270 P3d 388, *rev den*, 352 Or 265 (2012) (in a bench trial, error in admitting evidence was harmless where "the trial court expressly disclaimed reliance" on that evidence and "nothing in the record demonstrate[d] otherwise"); *State v. Hunter*, 141 Or App 73, 77, 918 P2d 104, *rev den*, 324 Or 78 (1996) (in a bench trial, admission of challenged evidence was harmless where the trial court "relied primarily" on other evidence in reaching its verdict). Accordingly, even

assuming that the admission of the evidence was erroneous, the judgment must be affirmed.

Affirmed.