Submitted September 30, 2020; conviction on Count 3 reversed and remanded, convictions on Counts 5, 6, and 7 vacated and remanded, remanded for resentencing, otherwise affirmed November 24, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARION DAVID THOMPSON,
*Defendant-Appellant.*

Gilliam County Circuit Court
17CR02940, 17CR10042, 17CR22181;
A169327 (Control), A169328, A169329

501 P3d 553

John A. Olson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Conviction on Count 3 reversed and remanded; convictions on Counts 5, 6, and 7 vacated and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment in which he was convicted of one count of first-degree sodomy, ORS 163.405 (Count 1), and three counts of first-degree sexual abuse, ORS 163.427 (Counts 5, 6, and 7) for sexual offenses against S and two counts of first-degree sexual abuse (Counts 3 and 4) for a sexual offense against C. At issue here are two convictions—Count 3 and either Count 5, 6, or 7[1]—that stemmed from the state's allegations that defendant rubbed ointment on S's and C's vaginas for a sexual purpose. At defendant's bench trial, he argued that, regarding the allegations of sexual abuse involving ointment, he touched the victims for a medical purpose and therefore lacked the requisite sexual purpose that would satisfy the elements of first-degree sexual abuse. To disprove that defendant had touched the victims for a medical purpose, the state moved to admit under OEC 404(3) evidence of other acts by defendant, namely, charges of sexual abuse involving other girls of similar age as the victims and occurring under similar circumstances.[2]

The trial court determined that the other-act evidence was nonpropensity evidence that was admissible under the so-called "doctrine of chances," first set forth in *State v. Johns*, 301 Or 535, 725 P2d 312 (1986), *overruled by State v. Skillicorn*, 367 Or 464, 479 P3d 254 (2021). The court admitted the evidence under OEC 404(3), explaining that the state was "entitled to present evidence of other occasions" in which defendant had touched other girls "as evidence that he was actually acting with a sexual intent" when he touched the victims in the instant case.

On appeal, defendant contends that the trial court erred in admitting, under OEC 404(3) and *Johns*, evidence of defendant's other acts. Defendant is correct. Since the trial court ruled on the state's motion in this case, the Supreme

---

[1] It is unclear from the record which of the counts regarding sexual abuse against S (Count 5, 6, or 7) involved medicinal cream. Accordingly, our disposition is to vacate all three of those convictions with instructions for the trial court to determine which count involved the medicinal cream, and re-enter convictions on the other two counts.

[2] The state asserts that defendant failed to preserve the argument he raises on appeal. We reject that assertion without written discussion.

Court has issued its decision in *Skillicorn*, which clarified the OEC 404(3) boundaries for admissibility of other-acts evidence under the doctrine of chances. In doing so, it over-ruled *Johns* "to the extent that" *Johns* held that other-acts evidence could be admitted under the doctrine of chances to support an inference that, because the defendant had engaged in deliberate conduct before, it is likely that he engaged in deliberate conduct again in the charged incident. *Skillicorn*, 367 Or at 493. The state's theory of admissibility, with which the trial court agreed, permitted the inference from defendant's other misconduct that he has a propensity to touch young girls for a sexual purpose, and that he acted in conformity with that propensity in this case.

Accordingly, we conclude that the court erred by admitting evidence of defendant's sexual acts against other girls under OEC 404(3). *See State v. Levasseur*, 309 Or App 745, 753, 483 P3d 1167, *adh'd to as clarified on recons*, 312 Or App 733, 489 P3d 630 (2021) (trial court erred in admitting evidence of the defendant's prior crimes and convictions under OEC 404(3) to show sexual purpose). Further, the record indicates that the trial court relied on the erroneously admitted evidence. *Cf. State v. Jones*, 255 Or App 761, 763, 298 P3d 652, *rev den*, 354 Or 62 (2013) ("Given the court's express statement that the prior acts evidence did not have a significant effect on the outcome and that the court had relied on [the victim's] testimony, which it believed, in reaching the verdict, we conclude that there is little likelihood that the admission of the evidence in question affected the trial court's verdict."). Accordingly, the error was not harmless.

Conviction on Count 3 reversed and remanded; convictions on Counts 5, 6, and 7 vacated and remanded; remanded for resentencing; otherwise affirmed.