Argued and submitted December 21, 1988, affirmed March 22, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## ERIC RAY McQUISTEN,
*Appellant.*

(C2779; CA A45537)

770 P2d 611

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds,* Judges.

RIGGS, J.

---

* Edmonds, J., *vice* Warden, J., retired.

## RIGGS, J.

Defendant appeals his conviction for sexual abuse in the first degree, ORS 163.425, and criminal trespass in the first degree. ORS 164.255. He assigns as errors the trial court's denial of his motion to suppress portions of a taped interview with him and his motion for acquittal on the charge of criminal trespass. We affirm.

Defendant and his wife (Mrs. McQuisten) separated in January, 1987. She lived with the couple's two children in a mobile home. On the night of March 16, 1987, defendant came to Mrs. McQuisten's home and had sexual relations with her. She called her stepfather, who reported the incident to the police. Detective Dunleavey investigated and Mrs. McQuisten told him that defendant had forced himself on her.

Dunleavey interviewed defendant the following morning, taping the interview. During the interview, Dunleavey described Mrs. McQuisten's emotional state when he investigated the incident. He said that her responses were typical of women who had been accosted and that she appeared genuinely upset. Defendant replied that he was glad that she was finally showing some emotion.[1]

At the hearing on the motion to suppress, defendant argued that Dunleavey's remarks about Mrs. McQuisten's emotional state should be suppressed, primarily because they were opinion testimony. The court held the remarks admissible, stating:

---

[1] Although the parties differ on precisely which lines of the transcript defendant objected to below, defendant's objection appears to us to have included at least the portion which follows:

"DUNLEAVY: I tell you I saw her last night and I'm just going to be really up front, you know I told you I wouldn't lie to you when I started. She showed every sign, every action and everything pretty true and it is pretty hard for someone to fabricate those feelings and those emotions and she was shockey last night like I say I had a doctor and a registered nurse look at her. And one thing and another, her emotions, demeanor, like she called here and I was out there in not too long a time, just what it took me to get dressed and drive to Haines, however in that length of time she had cleaned the whole entire bathroom she had taken the sheets off the bed and she had remade her bed. These are the actions that demonstrate to me typical female reactions that have been accosted. One thing that could be in your mind that could be different in her mind could just be there. She is showing very true emotions and signs, Eric, you know. These things are very true.

"[DEFENDANT]: She's finally starting to show some emotion[.] [T]hat's good for her[.] [S]he hasn't shown any in three years."

"I don't think that is expressing Mr. Dunleavey's opinion. It's just indicating to him what he saw out there and what he observed more than anything else."

At trial, defendant failed to object or to request a limiting instruction and objected only to allowing the transcript of the interview to go to the jury room. He did not request that the transcript be edited. In the circumstances, we hold that the claim of error was not preserved.

◼ Defendant also contends that the trial court erred in denying his motion for acquittal on the charge of criminal trespass. He argues that, because there were no legal limitations imposed on his parental rights when he entered Mrs. McQuisten's home, he was legally on the premises in order to fulfill his "right and obligation" to look after his children. According to defendant's logic, any parent would have the right to enter and remain on any premises, even if asked to leave, simply because the parent's child was also on the premises. We do not agree that the exercise of parental rights and obligations is, *ipso facto,* a defense to criminal trespass.

Affirmed.