On appellant's petition for reconsideration filed April 11, reconsideration allowed; former opinion (95 Or App 703, 770 P2d 611) withdrawn; reversed and remanded for new trial July 12, 1989

STATE OF OREGON,
*Respondent,*

*v.*

ERIC RAY McQUISTEN,
*Appellant.*

(C2779; CA A45537)

776 P2d 1304

Gary D. Babcock, Public Defender, and Lawrence J. Hall, Deputy Public Defender, Salem, for petition.

No appearance *contra.*

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant has petitioned for review, which we treat as a petition for reconsideration. ORAP 10.10. We grant the petition, because our former opinion, 95 Or App 703, 770 P2d 611 (1989), did not consider an issue arising from defendant's pre-trial motion to suppress.[1] Defendant argues that the trial court erred by allowing one witness to comment on the credibility of another witness.

**1.** At the pre-trial hearing, defendant moved to suppress the transcript and tape recording of a conversation between defendant and Officer Dunleavy. As part of that motion, defendant moved to delete remarks made by the officer to defendant that expressed the officer's opinion that the complaining witness was telling the truth.[2] The trial court denied

---

[1] Our former opinion held that, at trial, defendant did not request that the transcript be edited. Defendant made his request as part of a pre-trial motion to suppress. The state does not argue that defendant failed to preserve his claim of error by failing to renew the motion at trial.

[2] The state argues that defendant objected only to the portion of Dunleavy's statement that the complaining witness' responses were typical of persons who had been accosted. Dunleavy's statement and defendant's response are:

"DUNLEAVY: I tell you I saw her last night and I'm just going to be really up front, you know I told you I wouldn't lie to you when I started. She showed every sign, every action and everything pretty true and it is pretty hard for someone to fabricate those feelings and those emotions and she was shockey last night like I say I had a doctor and a registered nurse look at her. And one thing and another, her emotions, demeanor, like she called here and I was out there in not too long a time, just what it took me to get dressed and drive to Haines, however, in that length of time she had cleaned the whole entire bathroom she had taken the sheets off the bed and she had remade her bed. These are the actions that demonstrate to me typical female reactions that have been accosted. One thing that could be in your mind that could be different in her mind could just be there. She is showing very true emotions and signs, Eric, you know. These things are very true.

"[DEFENDANT]: She's finally starting to show some emotion * * * she hasn't shown any in three years."

In the pretrial motion, defense counsel said to the court:

"And there is the third issue of Deputy Dunleavy, again towards the end of the tape again makes some statements about his opinion, about who is telling the truth in this case whether [sic] he says he thinks Tamara McQuisten is telling the truth and he thinks that Eric McQuisten is not. And I think that invades directly on the problems [sic] of the jury and that also should be edited out of anything the jury is presented with * * *."

The state also argues that Dunleavy was not expressing an opinion, but merely "saying that [the complaining witness] appeared genuinely or truly upset shortly after defendant left her trailer." Dunleavy's statement that "it is pretty hard for someone to fabricate those feelings * * *, she is showing very true emotions and signs, Eric, you know, these things are very true," taken in context, implies that Dunleavy believed the complaining witness and disbelieved defendant.

defendant's motion.

The state argues that the officer's statement was admissible as a predicate to defendant's response. We do not agree. The principal issue at trial was whether the complaining witness had consented to sexual relations with defendant. That issue turns on whether the jury believed defendant or the complaining witness. From the context of the officer's comment to defendant, the jury could reasonably have drawn the inference that the officer believed the story of the complaining witness, bolstering her credibility in its estimation. Although it may be correct that the officer's assertion was not offered to prove the truth of the matter asserted, the prejudicial effect of the officer's opinion as to the credibility of the complaining witness outweighs any probative value of defendant's response. *See* OEC 403.

Second, the state argues that the officer's remarks are admissible because defendant did not object on the ground that the state failed to lay a foundation for their admission. It cites *State v. Middleton,* 294 Or 427, 438, 657 P2d 1215 (1983), for the proposition that a qualified expert may testify about the typical reactions of sexually abused children. In this case, however, the state did not seek to offer the officer's testimony as expert testimony. Regardless, the trial court had a duty, *sua sponte,* not to allow testimony which commented on a witness' credibility. *See State v. Milbradt,* 305 Or 621, 629-630, 756 P2d 620 (1988).

**2.** Finally, the state argues that the trial court's failure to edit the transcript was harmless error. Because the witness' credibility was the principal issue, the error cannot be harmless. The trial court abused its discretion in refusing to edit the officer's comments from the transcript. *State v. Isom,* 306 Or 587, 591-592, 761 P2d 524 (1988); *State v. Milbradt, supra; State v. Middleton, supra.*

Reconsideration allowed; former opinion withdrawn; reversed and remanded for a new trial.