## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD GONZALES ODOMS,
*Appellant.*

### (C88-10-36961; CA A60041)

803 P2d 739

Howard Clyman, West Linn, argued the cause and filed the brief for appellant.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave

Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

Rossman, J., dissenting.

## JOSEPH, C. J.

Defendant appeals his convictions for kidnapping in the first degree, ORS 163.235, rape in the first degree, ORS 163.375, sodomy in the first degree, ORS 163.405, compelling prostitution, ORS 167.017, promoting prostitution, ORS 167.012, robbery in the third degree, ORS 164.395, operating a motor vehicle in violation of an habitual offender order, ORS 811.185, and felony driving while revoked. ORS 811.175. We reverse in part and affirm in part.

The charges arose from events that occurred over a period of three or four days in September, 1988. Early in the morning of September 24 or 25, the complaining witness, Kidwell, was kicked out of the house where she had been staying. She went to a restaurant, where she was accosted in her car by a pimp. Defendant and another man "rescued" her, and defendant took her to where he was staying. Over the next two or three days, she allegedly had sexual intercourse with him, engaged in sodomy with him, worked as a prostitute for him and signed a paper which defendant used to sell her car, keeping the money. Defendant was charged after Kidwell was picked up by police.

Defendant assigns as error the trial court's allowing, over objection, this testimony from a police detective who had questioned him:

"Q. Did you try to press further about this vision of Colleen Kidwell that the Defendant now had?

"A. Yes. Detective Jensen and I continued to question him and told him that we believed that there was something more to all of these allegations than we could put our finger on at that time with his statements to us. And we believed that there was some—perhaps something involved between the two of them that may have caused this allegation by Colleen Kidwell to be made.

"Detective Jensen told Mr. Odoms if he thoroughly believed that a person just doesn't make allegations—

"[Counsel] Your Honor, I'm going to object to this not only on the grounds of hearsay, but it's improper opinion evidence.

"THE COURT: Objection overruled.

"THE WITNESS: That he did not believe someone just

inadvertently picks on someone and makes allegations about them if there isn't something to it."

Defendant argues that the testimony was an impermissible comment on the credibility of the complaining witness. The state concedes that a witness cannot give an opinion as to whether another witness is telling the truth. *State v. Isom*, 306 Or 587, 591, 761 P2d 524 (1988); *State v. Milbradt*, 305 Or 621, 629, 756 P2d 620 (1988). It argues, however, that the rule does not apply here, because the officer's comment was "simply a truthful observation, and was not a comment on the victim's credibility."

In *State v. McQuisten*, 97 Or App 517, 776 P2d 1304 (1989), the defendant was charged with sexual abuse in the first degree, and the principal issue was whether the complaining witness had consented to sexual relations. The trial court admitted a transcript of a conversation between the defendant and an officer in which the officer stated that the complaining witness had taken

"the actions that demonstrate to me typical female reactions that have been accosted [*sic*]. * * * She is showing very true emotions and signs, Eric, you know. These things are very true." 97 Or App at 519 n 2.

We held that, from the context of the officer's comment, the jury could have drawn the inference that the officer believed the witness' story, thereby unlawfully bolstering her credibility.

The same is true here. Although the officer's comment was ostensibly about how persons "typically" act, in the context of his entire testimony the challenged statement was not a comment on human behavior in general. It was, rather, a comment on *Kidwell's* credibility. The officer's testimony was that the police told defendant that they had information that "he had not only forced her to sell the car, but he had raped her and kidnapped her and sodomized her." The officer had repeatedly mentioned Kidwell by name immediately before that testimony. As in *McQuisten*, the comment allowed the jury to infer that the officer believed the complaining witness' story. It was error to admit the testimony.

We must next determine whether the error requires reversal of the convictions. *Powers v. Officer Cheeley*, 307 Or

585, 596, 771 P2d 622 (1989). No limiting instruction was given. *See State v. Brown,* 310 Or 347, 800 P2d 259 (1990). Defendant argues that, because the state's case depended entirely on the testimony of Kidwell and inferences drawn from her testimony, the bolstering of her testimony by the officer's opinion was prejudicial.

The state argues that, in the context of the exchange between defendant and the investigating officer, any reasonable person would conclude that defendant's statements were inconsistent and untruthful throughout. However, the issue for the jury was not just whether *defendant* was truthful, but also whether Kidwell was. There was no objective evidence for the kidnap, rape, sodomy, prostitution or robbery charges. The jury had to determine whether, as defendant argued, Kidwell voluntarily participated with him or whether, as the state contended, she remained with him and did his bidding because he intimidated and coerced her. Because credibility was the principal issue, the error cannot be harmless. *State v. McQuisten, supra,* 97 Or App at 520.[1]

■ Because the question may arise on remand, we address defendant's assignment of error that the trial court erred in refusing to admit evidence involving a "rape kit." He contends that the evidence would have shown procedures that are regularly used by the police to provide objective evidence of alleged sexual attacks and that the evidence would have thrown doubt on Kidwell's credibility. There was no error. Defendant failed to establish the relevance of the regular procedures to the situation here: Kidwell had had sexual intercourse with men other than defendant after the time of the alleged rape and also had refused to undergo a complete physical examination.[2]

Judgments of conviction for kidnapping in the first degree, rape in the first degree, sodomy in the first degree, compelling prostitution, promoting prostitution and robbery

---

[1] At oral argument, defendant conceded that he is not challenging his convictions on the motor vehicle code violations but contends that they should have been merged. He did not raise the issue at trial and, therefore, we do not address it. *See State v. McNamer,* 80 Or App 418, 722 P2d 51 (1986).

[2] Because of our disposition of the appeal, we do not reach defendant's remaining assignments of error.

in the third degree reversed and remanded for a new trial; otherwise affirmed.

**ROSSMAN, J.,** dissenting.

Because I believe the officer's remarks were admissible, I would affirm the convictions. Accordingly, I dissent.

The majority concludes that the officer's testimony was an impermissible comment on the credibility of the state's witness. However, after my review of the evidence, I simply do not see it the same way the majority does. To me, the officer simply explained why he interviewed defendant *several* different times during the investigation, in the face of defendant's repeated insistence that he had never met a person by the name of Kidwell. The officer explained that he made the challenged remark and then left the defendant alone, because he wanted defendant to "think about it and try to get his thoughts in order [because the officer was] *hoping that he would be straight with us* and if any involvement had been made on his part in this situation he would then tell us about it." Defense counsel did not object to that. The officer then explained:

> "I was trying to get him to talk, just to make — open the discourse between us. And he responded * * * by saying that almost all the time she, Colleen Kidwell, probably saw him driving around in his car with a bunch of other girls and was, therefore, jealous of him and that was probably why she was making these allegations."

The officer was not making an impermissible comment on Kidwell's credibility. He was offering a straightforward description of defendant's refusal to acknowledge that he knew Kidwell, the officer's response to that refusal and defendant's ultimate admission that he knew Kidwell and that this was a girlfriend/boyfriend situation that "got out of hand."

The majority opinion hinges on its conclusion that here, as in *State v. McQuisten,* 97 Or App 517, 776 P2d 1304 (1989), "the jury could have drawn the inference that the officer believed the witness' story, thereby bolstering her credibility." 104 Or App at 661. Used in this context, that statement unnecessarily expands the impermissible comment rule. Even the "inference" in *McQuisten* was impermissible only

because the witness characterized the state's witness as someone who should be believed, agreed with the substance of her testimony and addressed the two critical issues in that case — credibility and consent. In *McQuisten,* the witness clearly revealed his belief that the state's witness had been raped. Here, the officer's remarks were directed at the single issue of whether defendant had met Kidwell, a matter that was not at issue in the trial.

The victim testified that she was forced to submit to defendant's kidnapping, rape, sodomy, prostitution and robbery. The jury believed her. Even assuming that the admission of the officer's testimony about a tangential matter had constituted evidential error, I fail to see how the *absence* of that testimony would have made the jury's verdict any different.