Argued and submitted June 11, 2015, affirmed April 26, petition for review denied October 19, 2017 (362 Or 94)

BURL LEE WOODS,
*Petitioner-Appellant,*

*v.*

Steve FRANKE,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV120127; A153851

395 P3d 886

Ryan O'Connor argued the cause and filed the briefs for appellant.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. On the brief were Frederick M. Boss, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge pro tempore.

**DUNCAN, P. J.**

Petitioner filed for post-conviction relief on the ground that, during his criminal trial, his defense counsel failed to provide adequate representation. Among other claims, petitioner alleged that defense counsel failed to respond properly after a prosecution witness vouched for the credibility of the complainant. Defense counsel objected to the vouching testimony and his objection was sustained, but, according to petitioner, defense counsel should have done more; specifically, he should have moved to strike the testimony and asked the trial court to instruct the jury to disregard it. The post-conviction court denied relief, concluding that petitioner failed to prove that defense counsel's response to the vouching testimony was inadequate. Petitioner appeals. As explained below, given the particular circumstances of the case, we conclude, as did the post-conviction court, that petitioner failed to prove that defense counsel's response to the vouching testimony was inadequate. Therefore, we affirm.[1]

We begin by recounting the relevant facts, which we state in accordance with the post-conviction court's findings and legal conclusions. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015) ("A post-conviction court's findings of historical fact are binding on this court if there is evidence in the record to support them. If the post-conviction court failed to make findings of fact on all the issues—and there is evidence from which such facts could be decided more than one way—we will presume that the facts were decided consistently with the post-conviction court's conclusions of law." (citation omitted)).

Petitioner was indicted for committing four crimes against the complainant, a 15-year-old girl, AB. The case was tried to a jury. At the outset of the trial, the trial court gave precautionary instructions to the jury, including an instruction about the effect of the court sustaining an objection. The court told the jury, "Now, occasionally a lawyer will

---

[1] On appeal, petitioner also asserts that the post-conviction court erred in denying another request for relief, which was based on the trial attorney's failure to take additional action after objecting to evidence regarding uncharged misconduct by petitioner. We reject that assertion without further discussion.

make an objection in the case. It's my job to decide whether to allow the evidence in or not. If I sustain the objection, it's not coming in."

In its case-in-chief, the state presented evidence that, on the day of the charged crimes, petitioner provided AB with alcohol and sexually assaulted her. Individuals who knew both petitioner and AB saw them in a truck together and believed that petitioner was sexually assaulting AB. They confronted petitioner, put AB in their car, drove to another location, and called the police. An ambulance took AB to the hospital, where a detective attempted to interview her, but AB was "too intoxicated to talk that night." Her blood alcohol content was 0.19 percent, and she had Vicodin in her system.

The next day, a detective interviewed AB. At trial, the detective testified about AB's demeanor during the interview. He said that "[s]he was crying," they had taken "several breaks for her to compose herself," and "[s]he was falling apart while she was telling [him] what happened." The prosecutor then asked the detective whether he thought AB was untruthful during the interview:

"[PROSECUTOR]: At any point did you feel like she was being untruthful with you?

"[DETECTIVE]: No.

"[DEFENSE COUNSEL]: Objection, Your Honor.

"THE COURT: Can't have anybody testify as to somebody's truthfulness, so sustained."

Although petitioner's defense counsel objected to the detective's testimony, he did not move to strike the testimony, ask for a curative instruction, or move for a mistrial.

Petitioner's defense was that AB was highly intoxicated at the time of the charged crimes and that, as a result of the combination of alcohol and Vicodin in her system, she did not have an independent memory of her interaction with petitioner, but instead had been influenced by others' assumptions of what petitioner had done to her.

The jury convicted petitioner of all of the charged counts. Petitioner brought a direct appeal, and this court

affirmed the trial court's judgment without opinion. *State v. Woods*, 236 Or App 478, 237 P3d 240, *rev den*, 349 Or 480 (2010). Petitioner then initiated this action for post-conviction relief, alleging that his defense counsel had failed to provide adequate representation. Among other things, petitioner asserted that defense counsel had failed to respond properly to the detective's vouching testimony because, although he objected to the testimony and his objection was sustained, he did not also move to strike the testimony, ask the trial court to instruct the jury to disregard the testimony, or move for a mistrial.

In response, the state argued that defense counsel had made a reasonable strategic choice not to take further action after his objection to the vouching testimony was sustained. In support of that argument, the state introduced a declaration from defense counsel.

Regarding his decision not to move to strike the testimony, defense counsel explained that he "believed that the judge's comment that there could not be testimony from a witness as to another person's truthfulness sufficiently addressed the issue by informing the jury that such testimony was improper and not admissible evidence." In other words, defense counsel believed that a motion to strike "would have been redundant."

Regarding his decision not to move for a mistrial, defense counsel explained:

> "The judge had already sustained my objection, with the addition of a strong comment on the improper nature of the testimony. I did not move for mistrial because I did not believe that the testimony was so prejudicial as to have compromised the integrity of the jury *** and because I believed that proceeding with the current trial was in the best interest of my client."

Defense counsel further explained that he did not move for a mistrial because he believed that proceeding with the current trial was preferable to starting over in a second trial. He felt that the state had not presented a strong case and that, if the state was given a second chance, it would benefit from having advance notice of his defense theory and cross-examination questions.

Relying on defense counsel's declaration, the state argued that defense counsel's response to the vouching testimony was reasonable. The post-conviction court agreed, explaining:

"There is no reason to believe that the judge would have granted a mistrial after the detective said he did not believe the victim lied. Counsel did all he reasonably could by objecting—which was sustained."

Petitioner appeals, assigning error to the post-conviction court's conclusion that he failed to establish that defense counsel's response to the vouching testimony was inadequate. On appeal, petitioner argues only that defense counsel was inadequate because he failed to move to strike the testimony and ask the trial court to instruct the jury to disregard the testimony; he does not renew his argument that defense counsel was inadequate because he failed to move for a mistrial.

We review the post-conviction court's conclusion for legal error. *Green,* 357 Or at 312. A petitioner is entitled to post-conviction relief if the petitioner establishes a "substantial denial" of his state or federal constitutional rights "in the proceedings resulting in [the] petitioner's conviction," which "render[s] the conviction void." ORS 138.530(1)(a). In this case, petitioner alleged that, in the underlying criminal case, he was denied his rights to counsel under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution. "Those constitutional provisions require adequate performance by counsel concerning the functions of professional assistance which an accused relies upon counsel to perform on his behalf." *Montez v. Czerniak,* 355 Or 1, 6, 322 P3d 487, *adh'd to as modified on recons,* 355 Or 598, 330 P3d 595 (2014) (internal quotation marks omitted); *Strickland v. Washington,* 466 US 668, 687, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (Sixth Amendment right to counsel requires not just counsel, but "effective" counsel.).

To prevail on a claim of inadequate assistance of counsel based on Article I, section 11, a petitioner "must demonstrate two things: that * * * counsel failed to exercise reasonable professional skill and judgment and that he

suffered prejudice as a result." *Gable v. State of Oregon,* 353 Or 750, 758, 305 P3d 85, *cert den,* ___ US ___, 134 S Ct 651 (2013). Similarly, to prevail on a claim based on the federal constitution, a petitioner must establish that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland,* 466 US at 687. Because it is dispositive, we focus on the first requirement: whether petitioner established that defense counsel's representation fell below constitutional standards.

"[T]he standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." *Montez,* 355 Or at 6-7. "The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence." ORS 138.620(2).

In considering whether a lawyer's conduct fell below constitutional standards, a reviewing court "must make every effort to evaluate [the] lawyer's conduct from the lawyer's perspective at the time, without the distorting effects of hindsight." *Lichau v. Baldwin,* 333 Or 350, 360, 39 P3d 851 (2002); *see Hale v. Belleque,* 255 Or App 653, 659, 298 P3d 596, *adh'd to on recons,* 258 Or App 587, 312 P3d 533, *rev den,* 354 Or 597 (2013) ("The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances[.]"). A court "will not second-guess a lawyer's tactical decisions in the name of the constitution unless those decisions reflect an absence or suspension of professional skill and judgment." *Gorham v. Thompson,* 332 Or 560, 567, 34 P3d 161 (2001). "[A] court must indulge a strong presumption" that a lawyer's conduct "falls within the wide range of reasonable professional assistance; that is, [a petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 US at 689 (internal quotation marks omitted).

Here, petitioner asserts that his defense counsel's response to the detective's vouching testimony constituted a failure to exercise reasonable professional skill and judgment.

As petitioner points out, it has long been established in Oregon that a witness may not directly comment on the credibility of another witness. *See, e.g., State v. Middleton,* 294 Or 427, 438, 657 P2d 1215 (1983) ("We expressly hold that in Oregon, a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth."); *see also State v. Milbradt,* 305 Or 621, 629, 756 P2d 620 (1988) (reiterating that no witness *"may render an opinion on whether a witness is credible in any trial conducted in this state"*) (emphasis in original). The reason for the rule is that "[w]itness testimony regarding the veracity of another witness 'invade[s] the jury's role as the sole judge of the credibility of another witness.'" *State v. Higgins,* 258 Or App 177, 180, 308 P3d 352 (2013), *rev den,* 354 Or 700 (2014) (quoting *State v. Charboneau,* 323 Or 38, 47, 913 P2d 308 (1996) (brackets in *Higgins*)).

The rule "applies whether the witness is testifying about the credibility of the other witness in relation to the latter's testimony at trial or is testifying about the credibility of the other witness in relation to statements made by the latter on some other occasion[.]" *State v. Keller,* 315 Or 273, 285, 844 P2d 195 (1993). Thus, the Supreme Court has held, for example, that it was error for a trial court to allow a psychotherapist to testify that his interview with a complainant revealed no evidence of deception, and that the complainant was "not deceptive, could not lie without being tripped up, and would not betray a friend," *Milbradt,* 305 Or at 630, and that it was error for a trial court to allow a physician to testify that, when she interviewed the complainant, there "'was no evidence of leading or coaching or fantasizing,'" *Keller,* 315 Or at 285; *see also State v. McQuisten,* 97 Or App 517, 519-20, 519 n 2, 776 P2d 1304 (1989) (holding that trial court plainly erred by allowing the jury to consider an investigating officer's statements that the complainant was showing "'very true emotions and signs'" of sexual abuse).

Failure to properly respond to one witness's comment on the credibility of another witness can constitute inadequate assistance of counsel in certain circumstances. On this point, *Simpson v. Coursey,* 224 Or App 145, 197 P3d 68 (2008), *rev den,* 346 Or 184 (2009), is illustrative.

In *Simpson*, the petitioner, who had been convicted of four counts of first-degree sexual assault, sought post-conviction relief on the ground that, during his criminal trial, his defense attorney had failed to properly respond to vouching testimony. During the trial, the investigating detective testified that the complainant was "'very honest, very straightforward.'" *Id.* at 148. The defense attorney objected to the testimony and his objection was sustained, but he did not move to strike the testimony, request a curative instruction, or move for a mistrial:

> "'[DETECTIVE]: [The complainant] was a, as any, as most, at least in my experience, most 13-year-olds, especially females, it's hard for them to talk about things that have happened to their private areas, and she was no different than a lot of other 13-year-old girls that I have talked to. I thought she was very honest, very straightforward—
>
> "'[DEFENSE COUNSEL:] Your Honor, I'll object to the characterization of the witness as "honest."
>
> "'[THE COURT:] Sustained.'"

*Id.* In the post-conviction case, the petitioner introduced an affidavit from his defense attorney, explaining his response to the detective's testimony:

> "'At the time, I believed that having the objection sustained was sufficient to protect [petitioner's] rights. However, on reflection, I should have moved to strike. I do not believe I could have obtained a mistrial; however, I believe the judge would have given a curative instruction.'"

*Id.* at 150 (brackets in *Simpson*).

The post-conviction court denied relief, and, on appeal, we reversed, holding that the defense attorney's failure to move to strike the testimony and request a curative instruction was unreasonable. *Id.* at 153. We explained that, to protect the petitioner from unfair prejudice, the attorney "needed to move for a mistrial or, at a minimum, move to strike the testimony and request a curative instruction telling the jury to disregard it." *Id.* We further explained that, even if the attorney had made a reasonable strategic decision to not move for a mistrial, that decision "[did] not provide a justification for his failure to move to strike and

request a curative instruction to guard against the risk of the jury being influenced by [the detective's] vouching." *Id.* Because the credibility of the complainant was critical to the state's case, we concluded that the attorney needed to do more than merely object to the detective's improper vouching testimony, noting that

> "[a] curative instruction from the trial court would have explained to the jurors the practical impact of sustaining the objection to [the detective's] testimony. The court could have immediately told the jury to totally disregard the detective's opinion, and also could have explained that the witness was supposed to answer the question by stating what he observed, and that they, as the jury, were to determine the implications of those observations, such as whether they suggested credibility on the part of [the complainant]."

*Id.*

Relying on *Simpson* in this case, petitioner argues that his defense counsel performed inadequately by failing to move to strike the detective's vouching testimony and failing to ask the trial court to instruct the jury to disregard the testimony. But, as we recently explained in *Heroff v. Coursey*, 280 Or App 177, 190, 380 P3d 1032 (2016), *rev den*, 360 Or 851 (2017), *Simpson* does not establish a protocol that trial attorneys must follow in all circumstances when one witness comments on the credibility of another. Its holding that the trial attorney's representation was inadequate is "specific to the facts of that case." *Heroff*, 280 Or App at 190.[2]

Accordingly, we turn to the specific facts of this case. As noted, in his declaration explaining his decision not to move to strike the detective's vouching testimony after his objection to the testimony was sustained, petitioner's

---

[2] In *Heroff*, the petitioner alleged that his defense counsel provided inadequate assistance by failing to follow his objection to vouching testimony, which was sustained without an instruction to the jury, with a motion to strike the testimony and a request for a curative instruction. 280 Or App at 184. The post-conviction court denied relief, and the petitioner appealed, relying, as he had in the post-conviction court, on *Simpson*. We affirmed, explaining that we did not need to determine whether defense counsel had been inadequate, because "the failure to strike the vouching testimony and caution the jury did not have a tendency to affect the verdict in the criminal trial." *Id.* at 191.

defense counsel stated that he believed that "the judge's comment that there could not be testimony from a witness as to another person's truthfulness sufficiently addressed the issue by informing the jury that such testimony was improper and not admissible evidence" and that a motion to strike the testimony "would have been redundant." Whether that choice was reasonable is "evaluated from counsel's perspective at the time" of the choice and "in light of all the circumstances." *Hale*, 255 Or at 659.

The post-conviction court concluded, and we agree, that petitioner failed to prove that defense counsel's response to the vouching was not within "the wide range of reasonable professional assistance" under the circumstances. *Strickland*, 466 US at 689. Those circumstances include the trial court's precautionary instructions, the trial court's response to defense counsel's objection to the vouching testimony, and the theory of defense. As mentioned, at the outset of the trial, the trial court instructed the jury that when it sustained an objection to evidence, the evidence is "not coming in." And, when defense counsel objected to the vouching testimony, the trial court immediately explained to the jury that one witness could not comment on the credibility of another. Given those circumstances—which differ from those in *Simpson*, where, in response to the defense counsel's objection, the trial court simply responded, "Sustained"—it was not objectively unreasonable for defense counsel to conclude that a motion to strike would have been redundant and that an instruction was unnecessary.

Moreover, defense counsel's choice to rely on his objection and the trial court's response has to be considered in light of the theory of defense, which did not depend on the jury finding that the complainant was intentionally lying. As noted, the defense theory was that the complainant did not have an independent memory of her encounter with petitioner, but instead had been influenced by others' assumptions of what petitioner had done to her. That theory would have allowed the jury to believe that the complainant was telling the truth as she believed it to be, and still acquit petitioner. Consequently, the detective's testimony that he did not believe that AB was being untruthful when he interviewed her was not necessarily at odds with petitioner's

defense, and defense counsel could reasonably choose to rely on the trial court's immediate and succinct response to that testimony.

In conclusion, given the particular circumstances of this case, petitioner failed to establish that defense counsel's performance was not within the bounds of reasonable professional skill and judgment. Accordingly, the post-conviction court did not err in denying the petition for post-conviction relief.

Affirmed.