180 March 19, 2025 No. 246

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEFFREY WAYNE HAYS,
*Defendant-Appellant.*

Clackamas County Circuit Court
21CR12024; A179029

Katherine E. Weber, Judge.

Argued and submitted February 7, 2025.

Ryan T. O'Connor argued the cause for appellant. Also on the briefs was O'Connor Weber LLC.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief was Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Defendant appeals from a judgment of conviction following a bench trial, for seven counts of sexual offenses perpetrated against victims under the age of 12. In three assignments of error, defendant contends that reversal is required, because the prosecutor made impermissible comments during opening statements and closing arguments and because of vouching testimony by the mother of one victim. Defendant's claims of error are unpreserved. After consideration of the record and the parties' arguments, we decline to exercise our discretion to review defendant's asserted plain errors and we affirm.

We have discretion whether to review unpreserved arguments for plain error. *State v. Vanornum*, 354 Or 614, 630, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *Id.* at 629.

"[A]n unpreserved challenge to prosecutorial statements must demonstrate that the statements were so prejudicial that they deprived defendant of a fair trial"; that is, "if the defendant had made a motion for mistrial, the trial court would have erred, as a matter of law, in denying it." *State v. Chitwood*, 370 Or 305, 312-14, 518 P3d 903 (2022).

In his first assignment of error, defendant contends that reversal is required, because the prosecutor erred by making a false and inflammatory statement during his opening statement when he stated, "[A]t the end of all of the evidence coming in, I think it's going to be clear to the court that the defendant * * * systematically sexually abuse[d] *at least* [the four named complainants]." (Emphasis added.) Defendant argues that the phrase "at least" insinuated that there is evidence of defendant abusing other children, when no such evidence supports that contention. Defendant contends that the prosecutor's statement—at the beginning of trial—"taint[ed] the entire trial by insinuating * * * that [the] prosecutor kn[ew] extra-record evidence of defendant's guilt." The state responds that the prosecutor's comment is

not plainly improper and, even if it were, it was not so egregious that it denied defendant a fair trial.

   In his second assignment of error, defendant contends that reversal is required, because the prosecutor erred by "speculat[ing] about how defendant could have been alone with [S] after" a group lunchtime meeting with other students. During trial, S testified that she was abused by defendant during a lunchtime meeting (referred to as Lunch with the Principal) that typically included several students eating in the principal's office. During closing argument, the prosecutor suggested that the abuse S described may have occurred after other students were excused. The prosecutor stated, in part:

> "[Y]ou can draw reasonable inferences from the evidence, you know that, and that's not outside the realm of possibility—that he'd be like, 'Hey, [S], why don't you stay here and the principal wants to talk to you a little bit while the other kids leave after one of those lunches.'"

The state responds that the statements made by the prosecutor during closing were not obviously improper and that, even if they were, a curative instruction could have remedied the situation.

   A prosecutorial comment—even if improper or impermissible—does not constitute plain error unless the comment was "so prejudicial that an instruction to disregard [it] would not have been sufficient[]" to ensure that the defendant received a fair trial. *State v. Pierpoint*, 325 Or App 298, 303, 528 P3d 1199 (2023). We review "statements made by a party during argument in context, not in a vacuum." *State v. Mayo*, 303 Or App 525, 530, 465 P3d 267 (2020) (internal quotation marks omitted).

   Reviewing both of the challenged statements in context for plain error, we conclude that the prosecutor's statements were not ideal, but could have been cured. *See, e.g.*, *State v. North*, 333 Or App 187, 195, 552 P3d 152 (2024) (determining that the challenged prosecutor statements were subject to more than one interpretation, though not reversible). The challenged statements were not so prejudicial as to result in an unfair trial. Had defendant objected, the trial court could have stricken part of the prosecutor's statements. *See State*

*v. Martinez*, 335 Or App 103, 107, 557 P3d 556 (2024) ("As we explained in *State v. Durant*, 327 Or App 363, 365, 535 P3d 808 (2023), 'prosecutorial statements that were improper but *curable* are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial.'" (Emphasis in *Durant*.)). Likewise, had defendant timely moved for a mistrial based on the challenged statements, it would not have been an abuse of discretion for the trial court to have denied the motion. *Id.* We therefore reject defendant's first and second assignments of error.

In his third assignment of error, defendant contends that reversal is required because a mother (R) of one of the complainants impermissibly vouched for her daughter. During cross-examination of R, defense counsel asked: "Okay. Do you think it's possible, at all, that there was any confirmation bias going on with you and the allegations that your daughter made against [defendant]?" R replied, "I just know I believe my daughter." Defense counsel then said, "Mm-hmm," and R continued with, "And I know her. And I have absolutely no doubt in my mind that what she's telling me was the truth." Defense counsel then pivoted to asking a question about when complainant first disclosed the abuse.

Defendant argues that R's testimony was not responsive to the posed question, that defense counsel did not elicit the vouching testimony, and that, having pivoted to a different line of questions quickly indicates that defense counsel did not "strategically decline[] to object." Further, defendant argues that witness credibility was central to this case and that R's testimony may have significantly impacted the trial court's credibility assessment of the complainant. The state responds that the trial court did not err when it did not *sua sponte* strike the relevant portion of R's testimony. The state acknowledges that although the testimony "may have constituted impermissible vouching," it is the state's position that "the record supports a plausible inference that defendant may have had a strategic reason not to object."

Whether a witness's statement constitutes impermissible vouching is reviewed for errors of law. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). A trial court has a *sua sponte* duty "to prevent testimony that is a comment

on a witness's credibility." *State v. Higgins*, 258 Or App 177, 180, 308 P3d 352 (2013), *rev den*, 354 Or 700 (2014).

Although R's testimony constituted vouching, we agree that the record suggests a plausible inference that defendant may have strategically not objected. The record illustrates that defendant's theory of defense likely involved a strategic choice to portray R and at least one other mother as ardent supporters of their children, believing their accounts from the first moment of disclosure, because having experienced abuse of this type might explain concerning behaviors that the teens were exhibiting. Furthermore, defendant's counsel elicited or took an active role in leading R to state she believes her daughter—initiating a line of questions related to R's potential confirmation bias invited R to comment on her belief with regard to her daughter's truthfulness.

Defendant's strategy and the role defense counsel played in eliciting testimony related to the parents' beliefs about their children's disclosures weigh against an exercise of our discretion. *State v. Wiltse*, 373 Or 1, 11, 559 P3d 380 (2024) (when determining whether to exercise discretion for plain error review, one factor "can include whether the party alleging a plain error encouraged the error or made a strategic choice not to object to it" (citing *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007)). Additionally, there is no indication that the state played any role in eliciting vouching testimony or highlighting it in argumentation. *Id.* (another factor to consider with respect to whether to exercise our discretion to correct plain error is "whether the opposing party played a role in causing the error," (citing *Chitwood*, 370 Or at 326-27)). Thus, even if the circumstance does not fully rise to the level of invited error, it is not a situation in which it would be appropriate for us to exercise our plain error review discretion.

This case is distinguishable from *Berg v. Nooth*, 258 Or App 286, 294, 309 P3d 164 (2013), in which the prosecutor made several comments "emphasi[zing]" impermissible "vouching testimony" provided by experts. The testimony at issue in this case was made by a lay witness and was not elicited or highlighted by the prosecutor.

Affirmed.