Argued and submitted December 19, 2013, reversed and remanded on Counts 1 through 6, otherwise affirmed April 8, 2015

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**EDWARD JOSEPH PERGANDE,**
*Defendant-Appellant.*

Morrow County Circuit Court
08CF048; A149847

348 P3d 245

Zachary Lovett Mazer, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rebecca M. Johansen, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for first-degree rape (Count 1), unlawful sexual penetration (Count 2), first-degree sexual abuse (Counts 3 and 4), and coercion (Counts 5 and 6).[1] We write to address only defendant's third assignment of error because our disposition on that assignment obviates the need to address his other evidentiary assignments of error. In that assignment, defendant argues that the trial court plainly erred in allowing a clinical social worker to testify that she did not see any indications that the child complainants were subjected to suggestion or coaching because that testimony constituted an impermissible comment on the credibility of the complainants under *State v. Lupoli*, 348 Or 346, 234 P3d 117 (2010). We agree that the admission of that evidence constitutes plain error that we should exercise our discretion to correct and, accordingly, reverse and remand defendant's convictions on Counts 1 through 6.

The facts relevant to defendant's third assignment of error are largely procedural and undisputed. Defendant's convictions stem from his alleged physical and sexual abuse of his then-girlfriend's two daughters, S and J. The children's disclosure of the sexual abuse did not occur until several months after it had allegedly occurred. When the children were examined, there was no physical evidence of sexual abuse.

Both S and J testified at trial. A clinical social worker, Terry, also testified. Terry treated both S and J for about a year and a half and testified to, among other things, the statements that each child had made during treatment about the abuse and her diagnosis of both girls as having post traumatic stress disorder based on the sexual abuse. In the course of her direct examination, Terry discussed, in general, the suggestibility of children and the things to look for in determining whether a child has been coached, such as the use of age-appropriate language. After testimony about S's and J's statements about the abuse, Terry had the following exchange with the prosecutor:

---

[1] The trial court dismissed Counts 7 through 10.

"[PROSECUTOR:] Were their—were their responses—were they able to give you spontaneous and descriptive details of their abuse?

"[TERRY:] Oh, throughout the time, yeah.

"[PROSECUTOR:] And did you find—you've testified—told us some time ago about the kinds of indications you saw [sic] suggestion or coaching. And did you see any of those indications in either of these two?

"[TERRY:] Absolutely not."

Although defendant had objected to earlier testimony by Terry that defendant contended constituted impermissible vouching, defendant did not raise an objection to the above testimony at trial.

On appeal, defendant argues that the trial court erred in allowing, or in failing to strike, Terry's testimony about the absence of indications that S or J were subject to suggestion or coaching because that testimony was an impermissible comment on the credibility of S and J. Defendant argues that we should treat his assignment of error as preserved because, in the months leading up to trial, defendant brought a motion *in limine* to exclude improper vouching testimony by categories of witnesses, including police officers, case workers, counselors, doctors, nurses and the complainants' mother, which the trial court granted in part. Alternatively, defendant argues that we should address his assignment as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."). The state contends that defendant's assignment of error was not preserved below and that we should not address it as plain error. We turn first to that contention.

We conclude that defendant's motion *in limine* did not preserve his objection to Terry's specific testimony during trial. Defendant's generic motion *in limine*, and the hearing on that motion, did nothing to alert the trial court to his later-claimed specific error because defendant did not identify Terry nor any anticipated types of vouching testimony

she might give. In addition, in granting that motion in part, the trial court ruled, "A witness, expert or otherwise, may not give an opinion whether she or he believes a witness is telling the truth." Earlier during Terry's testimony, the trial court invited defense counsel to object to any perceived vouching testimony, because there likely would be close calls on that issue. Under those circumstances, defendant was required to object to the specific testimony to preserve his claim of error on appeal. *See B. A. v. Webb*, 253 Or App 1, 9, 289 P3d 300 (2012), *rev den*, 353 Or 428 (2013) (holding that "amorphous" motion *in limine* did not preserve objection to specific vouching testimony during trial). Accordingly, we turn to whether the trial court's failure to strike Terry's testimony *sua sponte* constitutes plain error.

"[A]n error is plain if (1) the error is one of law; (2) the error is 'not reasonably in dispute'; and (3) the error appears on the record[.]" *State v. Wilson*, 266 Or App 481, 489, 337 P3d 990 (2014) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). "[I]n Oregon[,] a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983); *see also State v. Keller*, 315 Or 273, 285, 844 P2d 195 (1993) ("Once again, we repeat that a witness may not testify about the credibility of another witness."). In contrast, testimony that is "solely descriptive of the manner in which a communication is made—so called demeanor evidence"—is permissible and not a comment on a witness's credibility. *Wilson*, 266 Or App at 490. "Applying that principle is a straightforward matter when one witness states directly that he or she believes another witness, or that the other witness is honest or truthful. However, statements that fall short of such overt vouching also may be impermissible." *Lupoli*, 348 Or at 357.

Defendant argues that, under *Keller* and *Lupoli*, Terry's testimony was plainly an impermissible comment on the credibility of S and J, and that we have already concluded that similar error constitutes plain error. Defendant further argues that there was no strategic reason why defendant would have failed to object to the testimony, having previously raised the issue and objected to other vouching testimony prior to the testimony at issue on appeal.

The state argues that, even if the trial court erred, that error is not plain because, when the testimony is taken in context with her earlier testimony about the indications of coaching, Terry's testimony "was shorthand for stating that the words that the children used were age appropriate but that they knew sexual information that was not age appropriate." Thus, the state argues, Terry's testimony was permissible under *Keller* and *Lupoli*. The state also argues that any error is not apparent on the record because it may be inferred that defendant chose not to object to the testimony for a tactical reason.

We have repeatedly concluded that it is plain error for a trial court not to strike testimony of a witness that is an explicit comment on the credibility of another witness. *See Wilson*, 266 Or App at 491 (discussing plain error vouching cases). We disagree with the state that Terry's testimony could be taken as anything other than a direct comment on the credibility of other witnesses. The "context" in which the state urges us to read Terry's comment was her prior testimony that generally children can be suggestible and about indications that a child has been coached. That testimony did not transform Terry's credibility comment into permissible demeanor evidence. Terry did not testify about S's and J's demeanor in such a way that would have allowed the jury to draw the ultimate credibility determination for themselves, *viz.*, whether S or J were subjected to suggestion or coaching. Instead, Terry simply, directly, and explicitly testified that S and J "[a]bsolutely [did] not" show any indication of suggestion or coaching. That is of the same type of direct vouching evidence that the Supreme Court found impermissible in *Keller. See Keller*, 315 Or at 285 (doctor's testimony that "[t]here was no evidence of leading or coaching or fantasizing" was an impermissible comment on the credibility of another witness).

In addition, we conclude that there is no plausible inference to be drawn from the record that defendant made a strategic choice not to object. *State v. Higgins*, 258 Or App 177, 181, 308 P3d 352 (2013), *rev den*, 354 Or 700 (2014) ("'[C]ompeting inferences,' for purposes of plain error analysis, do not arise automatically, but must be plausible."

(Quoting *State v. Lovern*, 234 Or App 502, 512, 228 P3d 688 (2010).)). Defendant raised the vouching issue before trial and, during Terry's earlier testimony, objected when Terry started to interject vouching into one of her other answers. The state merely speculates that defendant did not object to the testimony at issue to avoid a more drawn out examination about the children's demeanor, which would have been permissible. Based on this record, that speculation does not rise to the level of a plausible inference, and, as we stated in *Higgins*, "we are particularly reluctant to draw that inference in a case that rests almost entirely on the complainant's testimony." *Id.*; *see also State v. Hollywood*, 250 Or App 675, 679, 282 P3d 944 (2012) ("[N]o arguable additional strategic advantage could have accrued to defendant from the admission of Reilly's direct comment on S. D.'s credibility."). In sum, we conclude that the trial court's failure to strike *sua sponte* Terry's comment on the credibility of S and J constitutes plain error.

Next, the state urges that, even if we conclude that the error is plain, we should not exercise our discretion to correct it. We consider the nonexclusive factors outlined in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), in deciding whether to exercise our discretion to correct plain error. Those factors include

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way[.]"

*Id.* at 382 n 6. The state argues that (1) correction of the error would not serve the ends of justice, because the principles of preservation were not served when an objection could have prevented the error, and (2) the error is not grave because it was an isolated comment and not explicit vouching testimony that was likely to have affected the jury's verdict.

As we have stated before, in a case that boils down to a credibility contest between the defendant and the victim, as here, "evidence commenting on the credibility of either was likely to be harmful." *State v. Lowell*, 249 Or App 364,

370, 277 P3d 588, *rev den*, 352 Or 378 (2012). Terry's testimony was a direct comment on the credibility of S and J. That error was grave because this is a sexual abuse case with no physical evidence of abuse and Terry was presented as an expert in treating sexual abuse victims with significant experience in spotting indications of suggestion or coaching. Terry was also the long-term counselor of both of the girls and familiar with them. Those facts present a significant risk that the jury's credibility determinations were affected by Terry's testimony. *See Higgins*, 258 Or App at 182 (holding that admission of vouching testimony was likely harmful because there was no physical evidence of abuse and it came from the complainant's parent, who was "privy to the complainant's behaviors, characteristics, and past experiences"); *Hollywood*, 250 Or App at 680 ("[T]he harm in this case was significant; because there was no physical evidence of sexual abuse, the credibility of S. D.'s allegations was at the heart of the state's case."). Thus, we conclude that the ends of justice and the gravity of the error require that we exercise our discretion to correct the error, reverse defendant's convictions, and remand for a new trial.

Reversed and remanded on Counts 1 through 6; otherwise affirmed.