Submitted February 18, portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed March 30, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BILLIE WALTER BERG III,
*Defendant-Appellant.*

Polk County Circuit Court
13P3284; A157580

371 P3d 1212

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Flynn, Judge.

PER CURIAM

**PER CURIAM**

In this criminal appeal, in which defendant seeks reversal of a conviction for burglary in the second degree, we write only to address defendant's contention that the trial court plainly erred in requiring him to pay court-appointed attorney fees of $510 in the absence of evidence that defendant "is or may be able" to pay those fees. *See* ORS 151.505(3) ("The court may not require a person to pay costs under this section unless the person is or may be able to pay the costs."); ORS 161.665(4) ("The court may not sentence a defendant to pay costs under this section unless the defendant is or may be able to pay them."); *see also State v. Coverstone*, 260 Or App 714, 716, 320 P3d 670 (2014) (holding that it is plain error for a trial court to require a defendant to pay court-appointed attorney fees in the absence of legally sufficient evidence that the defendant has the ability to pay the amount imposed).

The state concedes that the record does not contain any evidence of defendant's ability to pay, but it does not concede that the court plainly erred. At sentencing, the court sentenced defendant on both the burglary conviction at issue on appeal and a misdemeanor conviction of attempted theft. On the burglary count, the court sentenced defendant to 18 months' probation, required 80 hours of community service, and imposed a fine of $200 and an assessment of $510 in attorney fees. The court waived imposition of both a fine and a court-appointed attorney fee on the misdemeanor count. The state contends that it is plausible that defendant made a tactical choice not to object to the imposition of attorney fees on the felony count, because doing so might have caused the court to reconsider its decision to waive imposition of the fee on the misdemeanor count, which was not dependent on a showing of defendant's ability to pay. Therefore, the state contends, citing *State v. Gornick*, 340 Or 160, 169-70, 130 P3d 780 (2006), any error is not "apparent," because we must choose between competing plausible inferences to reach it.

On this record, the state's contention that defendant made a tactical choice not to object is mere speculation. *See State v. Pergande*, 270 Or App 280, 284-85, 348 P3d 245 (2015) (rejecting state's argument that defense

made tactical choice not to object to "vouching" testimony as implausible and speculative); *State v. Lovern,* 234 Or App 502, 511-12, 228 P3d 688 (2010) (for plain error analysis, competing inferences must be "plausible"). We conclude that the trial court plainly erred and, for the reasons set forth in *State v. Ramirez-Hernandez,* 264 Or App 346, 349, 332 P3d 338 (2014) (exercising discretion to correct erroneous imposition of $400 in court-appointed attorney fees because the amount was "substantial" in light of defendant's circumstances), we exercise our discretion to correct the error.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.