Submitted March 10, 2020; portion of supplemental judgment awarding restitution reversed, remanded for resentencing, otherwise affirmed March 10, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL TROY BURRIS,
*Defendant-Appellant.*

Washington County Circuit Court
17CR74539; A168682

483 P3d 1213

Defendant appeals from a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, among other crimes, and a supplemental judgment ordering defendant to pay $2,500 in court-appointed attorney fees and $7,088 in restitution payable to CARES, CICA, and Kaiser Permanente. On appeal, defendant asserts that the trial court plainly erred by failing to give an instruction defining "sexual contact," plainly erred in ordering him to pay court-appointed attorney fees, erred in imposing restitution to CARES, and plainly erred in using a nonunanimous jury instruction. *Held*: The trial court's instructional error was harmless in the context of the facts, the instructions given, and arguments made; the imposition of attorney fees was not plain error on this record; Court of Appeals declined to review the challenge to the nonunanimous jury instruction as plain error where the verdict was unanimous. The trial court, however, erred in awarding restitution to CARES.

Portion of supplemental judgment awarding restitution reversed; remanded for resentencing; otherwise affirmed.

Janelle F. Wipper, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Andrew D. Robinson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Portion of supplemental judgment awarding restitution reversed; remanded for resentencing; otherwise affirmed.

**DeVORE, P. J.,**

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427, two counts of public indecency, ORS 163.465 (2017),[1] and four counts of endangering the welfare of a minor, ORS 163.575 (2017).[2] The trial court subsequently entered a supplemental judgment ordering defendant to pay $2,500 in court-appointed attorney fees and $7,088 in restitution payable to Child Abuse Response and Evaluation Services Northwest (CARES), the Criminal Injuries Compensation Account (CICA), and the child-victims' insurance company, which defendant also appeals.

On appeal, defendant raises five assignments of error. First, as to his convictions for first-degree sexual abuse, he asserts that the trial court erred by failing to give the jury an instruction defining "sexual contact." Second, he asserts that the trial court erred in ordering him to pay court-appointed attorney fees. Third, he assigns error to the trial court's order requiring defendant to pay restitution to CARES for expenses it incurred in evaluating the victims. Finally, in his fourth and fifth assignments of error, defendant assigns error to the use of a nonunanimous jury instruction.

We write primarily to address defendant's first assignment of error. As to that first assignment, while we agree with defendant that the trial court erred in failing to instruct the jury as to the definition of "sexual contact," we ultimately conclude that error was harmless given the evidence and arguments presented at trial. As to defendant's second assignment, we reject defendant's challenge to the imposition of attorney fees with the limited discussion in the footnote below.[3] Third, consistent with our decision in

---

[1] The version of the statute that was in effect at the time of the incident in this case is ORS 163.465 (2017), *amended by* Or Laws 2017, ch 318, § 10; Or Laws 2019, ch 65, § 1. All references in this opinion are to the 2017 version.

[2] The version of the statute that was in effect at the time of the incident in this case is ORS 163.575 (2017), *amended by* Or Laws 2017, ch 701, § 18. All references in this opinion are to the 2017 version.

[3] Given the trial court's express statement that it was "making a record" as to attorney fees when it asked about defendant's employment history, and the testimony of defendant's employer and evidence of defendant's daily driving logs in the record, any error is not plain. *See State v. Coverstone*, 260 Or App 714,

*State v. White*, 296 Or App 445, 439 P3d 569, *rev den*, 365 Or 195 (2019) (*J. White*), decided after the trial court entered the supplemental judgment, we agree with defendant that the portion of the restitution award payable to CARES was legally erroneous. And, finally, for the reasons given in *State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020), we decline to exercise our discretion to review as plain error defendant's challenges to the court's nonunanimous jury instruction. Accordingly, we reverse the portion of the supplemental judgment ordering restitution to CARES, remand for resentencing, and otherwise affirm both judgments.

The relevant background facts were undisputed at trial. The charges in this case arose from two separate incidents at Portland area Dollar Tree stores. In September 2017, a caller contacted the Washington County Sheriff's Office and reported that she had been shopping at a Dollar Tree store the previous day when a man approached her two daughters, P and A, and exposed his penis. P and A, who were seven and four years old at the time of trial, had been browsing toys in a separate aisle from their mother when a man approached them. P told her mother that the man was standing about a foot away from the girls and was holding a shopping basket. As he stood there and smiled at the girls, the man moved the basket, exposed his unzipped pants and penis, and masturbated. During this incident, P felt as if the man was going to touch her, but he did not actually touch either girl.

P and A sensed that the man was doing something bad and ran to find their mother. As P pointed out the man to her mother, the man paid and quickly left the store. The mother and P told the investigators that the man was white with brown hair, had a beard, and was tall and overweight.

The second incident occurred in October 2017 at a different Dollar Tree store. In that incident, the mother called 9-1-1 from the store and reported that a man had approached her daughters, C and J, who were seven and six at the time of the incident, and touched both of their buttocks. Like the victims in the September incident, C and J

___

716, 320 P3d 670 (2014) (holding that it is plain error when a trial court imposes attorney fees and the record is completely silent as to defendant's ability to pay).

had been browsing in an aisle separate from their mother when the man approached them. The sisters later told the investigators that the man approached them from behind, rubbed their buttocks, and laughed. He then stood in front of the girls with his penis exposed and masturbated. Later, when explaining why they were frightened and went to tell their mom, C explained that the man had touched her "private area" and J explained that "he touched [her] there and [she] didn't want to be touched there."

When the girls found their mother in the store and explained what had happened, they pointed out the man and said, "Mommy, that's that guy. That's the guy." The girls' mother then took a picture of the man before he left the store. As in the September incident, the man was white, over six feet tall, had a "big look to him," and had a big beard. The man in the photograph was later identified as defendant. The older sister in the September incident, P, also identified defendant from a lay-down photo array.

A grand jury charged defendant by indictment with two counts of first-degree sexual abuse, ORS 163.427, resulting from the touching of C's and J's buttocks (Counts 1 and 2); two counts of public indecency, ORS 163.465, one each for exposing his penis during the September and October incidents (Counts 3 and 6); and four counts of endangering the welfare of a minor, ORS 163.575, for masturbating in front of each of the four child victims (Counts 4, 5, 7, and 8).

Defendant was subsequently tried by a jury. At trial, defendant agreed that those "crimes did occur," but argued that someone other than defendant had committed the crimes in both incidents. Defendant argued that, in relation to the photograph of him at the Dollar Tree during the October incident, he had been in the "wrong place and at the wrong time."

When instructing the jury, the trial court first defined various terms that appeared in the relevant statutes.[4] The court defined "sexual and intimate parts as a matter of law":

---

[4] The court read the instructions to the jury; for ease of reading, we quote the written instructions in this opinion.

"You are instructed that male and female genitals are sexual parts as a matter of law. You are instructed that female breasts are intimate parts as a matter of law."

The court then explained the "intimacy test," as relevant to the touching of C's and J's buttocks:

"A body part is intimate if the person touched regarded it as intimate and either the defendant knew that the person touched regarded it as intimate, or any reasonable person would know the part is intimate.

"In order to find that a body part is intimate, you must find beyond a reasonable doubt that [C] (Count 1), [J] (Count 2)[,] regarded the part touched as intimate, and either:

"(1)   The defendant knew that [C] (Count 1), [J] (Count 2)[,] regarded the part as intimate; or

"(2)   Any reasonable person would know that the part touched is intimate."

The trial court then identified, in relevant part, the elements of each of the substantive crimes with which defendant was charged. For first-degree sexual abuse, the court instructed:

"Oregon law provides that a person commits the crime of sexual abuse in the first degree if the person did unlawfully and knowingly subject[] another person to sexual contact and the other person is less than 14 years of age.

"In this case, to establish the crime of sexual abuse in the first degree, the state must prove beyond a reasonable doubt the following elements:

"(1)   The act occurred on or about October 11, 2017;

"(2)   [Defendant] unlawfully and knowingly subjected [C] (Count 1), [J] (Count 2), to *sexual contact*; to wit her buttocks; and

"(3)   [C] (Count 1), [J] (Count 2)[,] was less than 14 years of age."

(Emphasis added.)

The court also included the then-standard nonunanimous jury instruction and a typical reminder that the jurors should "[b]ase [his or her] verdict on the evidence and these instructions" and that "[t]he lawyers' statements and

arguments are not evidence." Beyond raising minor grammatical issues, defendant did not object to those instructions.

The trial court did not include a definition of "sexual contact" as an element of the first-degree sexual abuse charges. The state, however, in its closing, read a full definition of "sexual contact" to the jury, defining the term as: "any touching of the sexual or intimate parts for the purpose of arousing your own sexual desire or someone else's." In the context of "sexual contact," the state also described an intimate part as one that "the person that was touched thought *** was an intimate part and that the defendant knew that or a reasonable person would know it was intimate."

The jury unanimously found defendant guilty of all eight counts.

On appeal, among other arguments listed above, in his first assignment of error, defendant asserts for the first time that the trial court erred by failing to give an instruction stating the statutory definition of "sexual contact." In response, the state agrees that the court erred in failing to instruct the jury on the definition of "sexual contact," but argues that the error was harmless in light of the particular nature of this record. For the reasons that follow, we agree with the state.

In charging the jury, the trial court must state to them all matters of law necessary for the jury's information in giving their verdict. ORCP 59B; ORS 136.330(1); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). "We review jury instructions as a whole and will reverse only if we can fairly say that the instructions probably created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case." *State v. Tucker*, 241 Or App 457, 463, 251 P3d 224 (2011) (internal quotation marks omitted).

With that standard in mind, preliminarily, we agree with defendant and the state that the trial court's failure to instruct the jury as to the definition of "sexual contact" was plain error. *See* ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (court can exercise discretion to review an unpreserved error of law apparent

on the record). However, we do not exercise our discretion to correct the error because the error was harmless. *See, e.g.*, *State v. Kerne*, 289 Or App 345, 349-52, 410 P3d 369 (2017), *rev den*, 363 Or 119 (2018) (trial court plainly erred by failing to instruct the jury as to the requisite culpable mental state with respect to the element of forcible compulsion but declining to exercise discretion to correct because the error was harmless); *State v. Ross*, 271 Or App 1, 10-12, 349 P3d 620, *rev den*, 357 Or 743 (2015) (same).

In determining whether that error harmed defendant, our main inquiry is "whether the jury's guilty verdict on one or more of the charges could have been based on the theory of criminal responsibility contained in the erroneous instruction." *State v. Lopez-Minjarez*, 350 Or 576, 585, 260 P3d 439 (2011). To do so, we evaluate the erroneous instruction in light of the jury instructions as a whole. *State v. Beagley*, 257 Or App 220, 226-27, 305 P3d 147 (2013). When evaluating the erroneous instruction, we look not only to the other instructions given, but to the contentions of the parties at trial as well. *State v. Payne*, 366 Or 588, 609, 468 P3d 445 (2020); *see also State v. Bistrika*, 261 Or App 710, 728, 322 P3d 583, *rev den*, 356 Or 397 (2014), *cert den*, 577 US 828 (2015) (same). Where the trial court fails to elaborate on the meaning of an element of the charged crime, we have held that the arguments of the state at trial combined with the instructions as a whole, particularly the resulting "instructional vacuum," can operate together to permit the jury to reach a legally erroneous conclusion. *Bistrika*, 261 Or App at 729-30.

Here, the charge of first-degree sexual abuse, as set out in the trial court's instructions, required the state to prove three things: (1) the specific date on which the abuse occurred; (2) that the victims were less than 14 years old; and (3) that defendant subjected the victims to "sexual contact." ORS 163.427(1). "Sexual contact" is defined by Oregon law to mean "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

First, examining the given instructions as a whole, the trial court defined "sexual or intimate part" and the "intimacy test" in its instructions as a precursor to explaining the elements of all relevant crimes. Based on that test, the jury would likely have understood that it needed to determine whether the victims and the defendant or an objectively reasonable person would have considered the victims' "buttocks" to be an intimate part.[5]

Second, however, the court did not instruct the jury that "sexual contact" also means that the contact with the intimate part was "for the purpose of arousing or gratifying the sexual desire of either party."

Our remaining inquiry thereby reduces to whether the instructions as a whole, combined with the arguments presented by the parties at trial, could have permitted the jury to reach the legally erroneous conclusion that defendant subjected the victims to "sexual contact" without doing so for the "purpose of arousing or gratifying the sexual desire of either party."[6]

Considering the evidence at trial, which defendant did not dispute, the state presented a photograph of defendant leaving the Dollar Tree shortly after a man had touched C and J on the buttocks. Prior to the mother taking the photograph of defendant, the victims had pointed to defendant and identified him to their mother as the man who had touched them. Directly after the man touched the victims, both testified that he stood in front of them and masturbated, which is evidence that the jury could find is highly persuasive on the point that the touching was for

---

[5] For similar reasons, we reject defendant's argument that the failure to directly connect the "intimacy test" to the crime of sexual abuse violated his rights under the Sixth Amendment to the United States Constitution. *Neder v. United States*, 527 US 1, 17, 119 S Ct 1827, 144 L Ed 2d 35 (1999) (explaining that an omitted element of a jury instruction is properly found harmless where a reviewing court concludes beyond a reasonable doubt that the jury verdict would have been the same absent the error).

[6] Although the court included the similar definition of "sexual conduct," which includes the phrase, "in an act of apparent sexual stimulation or gratification," that definition was relevant to the four counts of endangering the welfare of a minor relating to the masturbation, rather than the two counts of sexual abuse relating to the rubbing of C's and J's buttocks.

the purpose of "arousing or gratifying" a person's "sexual desire."

At trial, defendant conceded that the charged crimes had occurred. In closing arguments, defense counsel argued that

> "the [s]tate is right in several ways. One of the ways the [s]tate is right is *these crimes did occur.*
>
> "There's no doubt that somebody came up to these children at the Dollar Tree, exposed themselves and, in the case of the Farmington Dollar Tree, touched these young girls."

(Emphasis added.) Defendant did not dispute that someone touched the victims' buttocks. Nor did defendant dispute that the same person had his penis exposed and was masturbating when, or immediately after, the touching occurred. Defendant's entire argument at trial boiled down to the state having charged "the wrong person" and that defendant was "the wrong man." Based on that argument, then, defendant did not present a legal theory where the definition of "sexual contact" would have provided legal authority to support defendant's theory of innocence. *See Payne*, 366 Or at 610-11 (examining whether the defendant's legal theory at trial affected the practical value of a missing instruction).

The state's arguments also did not unduly guide the jury toward a verdict based on a legally erroneous theory. Here, unlike in *Bistrika*, where the state exploited the instructional vacuum of a missing element with arguments that permitted the jury to reach a legally erroneous verdict, the state did not suggest in its arguments that the jury could find defendant guilty of sexual abuse without finding "sexual contact." Instead, the state read the entire definition of "sexual contact" to the jury, under the impression that the court had already done so.[7]

---

[7] While the state's subsequent reading of the definitions does not cure the trial court's error, as in *Bistrika*, it is relevant under a consideration of how the parties' arguments could have led the jury to reach a legally erroneous result. *See Payne*, 366 Or at 611 (explaining that a counsel's arguments are no substitute for proper instructions); *State v. Morales*, 307 Or App 280, 289, 476 P3d 965 (2020) (holding that the state's argument, coupled with the erroneous instruction, allowed the jury to find the defendant guilty on a legally erroneous theory).

Having considered the instructions as a whole and the parties' arguments, we conclude that the jury could not have reached its verdict based on a legally erroneous theory. Under the facts of this specific case, where defendant conceded that the events as presented by the state had occurred, including the touching of the victims' buttocks immediately before masturbating, the only question left for the jury to answer was whether that contact was for the "purpose of arousing or gratifying the sexual desire of either party." In that consideration, the evidence and parties' arguments at trial prevent the possibility that the jury could have failed to make the legally required finding that defendant had touched the victims' buttocks for the purpose of arousing or gratifying his sexual desire. Accordingly, the trial court's error in not defining "sexual contact" was harmless.

In his third assignment of error, defendant challenges the $1,171.13 portion of the restitution award payable to CARES. The state concedes that, under *J. White*, the trial court erred in awarding restitution to CARES and that we should reverse and remand for resentencing. We agree and accept the state's concession; accordingly, we reverse the restitution award payable to CARES and remand for resentencing. *See J. White*, 296 Or App at 450-52 (concluding that CARES was neither a victim nor suffered economic damages for purposes of crime victim restitution).

The state further acknowledges that, despite the fact that defendant did not object to nor assign error to the restitution payable to CICA and the child victims' insurer, under *State v. Moreno-Hernandez*, 365 Or 175, 442 P3d 1092 (2019), and *State v. White*, 299 Or App 165, 449 P3d 924 (2019) (*T. White*), the trial court also erred in awarding restitution to those entities based on the victims' medical expenses. *See State v. Allida*, 300 Or App 819, 820, 455 P3d 1042 (2019) (holding that trial court erred by ordering restitution to CICA and insurer for costs of CARES evaluation for minor victim); *T. White*, 299 Or App at 168 (explaining under similar circumstances that a child's insurance company is not a qualifying victim because unemancipated minor did not suffer economic damages under ORS 137.103). However, because we remand for resentencing, the trial court can address that issue then. *See Moreno-Hernandez*,

365 Or at 190-91 (remanding for resentencing where there may be other permissible options available to the court); *T. White*, 299 Or App at 169 (same).

In sum, we conclude that the trial court's instructional error was harmless, and we reject defendant's challenge to the imposition of attorney fees and the nonunanimous jury instruction. We conclude, however, that the trial court erred in awarding restitution to CARES, and we reverse that portion of the supplemental judgment and remand for resentencing. Otherwise, we affirm both judgments.

Portion of supplemental judgment awarding restitution reversed; remanded for resentencing; otherwise affirmed.