618 October 23, 2024 No. 753

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PARKER JAMES LEVER,
*Defendant-Appellant.*

Josephine County Circuit Court
20CR58775; A179653

Matthew G. Galli, Judge.

Argued and submitted September 24, 2024.

Stacy M. Du Clos, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Adam Holbrook, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Armstrong, Senior Judge.

KAMINS, J.

Reversed and remanded.

**KAMINS, J.**

Defendant was convicted of two counts of unlawful use of a weapon with a firearm after he hit a Home Depot employee, BF, with a pistol. On appeal, defendant assigns six errors, but we only address one because it is dispositive: that the trial court plainly erred by not defining "initial aggressor" in its jury instructions for self-defense. For the reasons discussed below, we agree and, accordingly, reverse and remand for a new trial.

We describe the evidence "in the light most favorable to defendant having acted in self-defense and having not been the initial aggressor." *State v. Worsham*, 332 Or App 154, 156, 548 P3d 849, *rev allowed*, 372 Or 787 (2024). While shopping at Home Depot, defendant approached BF and asked him for help locating an item. BF responded that the item was located in a particular aisle and that he was in the middle of helping another customer. As BF began to walk away, defendant called him a "dick." After a brief verbal exchange between BF and defendant, BF again walked away to help the other customer. Defendant then called him a "motherfucker." A shouting match between the two men ensued, which culminated with defendant hitting BF with his pistol.

At trial, the state argued that defendant first initiated physical contact with BF by pulling BF's apron and facemask. Defendant, appearing *pro se*, argued that he acted in self-defense. Defendant admitted that he called BF derogatory names, but he argued that the altercation only became physical after BF pushed defendant. Because defendant claimed self-defense, the trial court instructed the jury about the elements of that defense, including that self-defense is not available to the "initial aggressor." The jury instructions did not include a definition for "initial aggressor."

On appeal, defendant contends that the trial court plainly erred by not defining "initial aggressor," because it is a legal term of art and the common understanding of "initial aggressor" is broader than its legal meaning.

Defendant acknowledges that his argument is unpreserved and requests plain error review.

Plain error review "involves a two-step inquiry." *State v. Ortiz*, 372 Or 658, 664, 554 P3d 796 (2024) (internal quotation marks omitted). Under the first step, we "must determine whether the error is (1) one of law, (2) obvious and not reasonably in dispute, and (3) 'apparent on the record without requiring the court to choose among competing inferences.'" *Id.* (quoting *State v. Vanornum*, 354 Or 614, 629, 317 P3d 880 (2013)). If the error is plain, then we proceed to step two: whether to "exercise [our] discretion to review the error." *Vanornum,* 354 Or at 630.

The state contends that the asserted error is not obvious and is reasonably in dispute. In particular, the state argues that it was not obvious "that additional clarification" was needed, because the state's only theory asserted that defendant was the initial aggressor when he physically initiated contact with BF. We disagree.

"It is plain error to fail to instruct the jury on all material elements of a crime." *Worsham*, 332 Or at 162 (citing *State v. Gray*, 261 Or App 121, 130, 322 P3d 1094 (2014)). That principle may extend to legal terms of art. *See, e.g.*, *State v. Burris*, 309 Or App 604, 609-10, 483 P3d 1213, *rev den*, 368 Or 511 (2021) (holding that it was plain error not instruct the jury on the meaning of "sexual contact"). If "the state intends to rely on the initial aggressor limitation to self-defense, *** the trial court must instruct the jury on that limitation," and it is plain error not to do so. *State v. Brown*, 327 Or App 597, 599, P3d 1069 (2023).

"Initial aggressor," is undisputedly a legal term of art; "initial aggressor" has a "narrower" definition than its common understanding, because "it is well-established that provocation by mere words, if unaccompanied by any overt act of hostility, does not make a person an initial aggressor." *Worsham*, 332 Or App at 160 (internal quotation marks omitted).

On this record, the trial court plainly erred by not defining "initial aggressor." The jury heard conflicting versions of events as to who started the physical altercation

between defendant and BF and was not instructed that defendant's verbal aggression (calling BF names) did not make him the "initial aggressor." *Id.* at 163 (concluding that the failure to provide a definition of "initial aggressor" was plain error when "[i]t was particularly important on this record for the jury to have a correct understanding of what it means to be the 'initial aggressor,' because the jury heard conflicting versions of events from different witnesses"). Any confusion was not mitigated by the prosecutor's closing argument explaining the "initial aggressor" element as one that "means that the law * * * does not abide by a person starting a fight. * * * The defendant started it. The defendant acted out of anger." With those comments, the jury could have believed that defendant was the "initial aggressor" due to his verbal antagonism of BF, triggering the trial court's obligation to define "initial aggressor." *See id.* at 163-64 (explaining that the trial court "needed to instruct the jury on the meaning" of "initial aggressor" because the jury heard "conflicting versions of events from different witnesses," and the prosecutor implied that "the jury could find defendant to be the initial aggressor" not based on any overt physical act). Absent a jury instruction clarifying the meaning of "initial aggressor," the jury could incorrectly conclude that defendant's aggressive verbal behavior towards BF was sufficient to make him the "initial aggressor." *See id.* at 163 (explaining that without an "initial aggressor" instruction, "a juror could reasonably—but incorrectly—conclude that defendant" was the initial aggressor because of his verbal acts). As such, the court plainly erred by not defining "initial aggressor" in its jury instructions.

Next, we consider whether the error is harmless. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) (explaining that "if the error was truly harmless, then have no discretion and must affirm") (internal quotations omitted). An error is harmless if "there was little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). And in the context of jury instructional harmless error, "we consider 'the instructions as a whole and in the context of the evidence and record at trial, including the theories of the case * * * and defenses at

issue.'" *Brown*, 327 Or App at 599 (quoting *State v. Ashkins*, 357 Or 642, 660, 357 P3d 490 (2015)).

The error was not harmless. Because the jury "was presented with different versions of events—some that would make defendant the initial aggressor, and some that would not"—the lack of an instruction on the definition of "initial aggressor" had more than a little likelihood to affect the verdict. *Worsham*, 332 Or App at 165.

Having concluded that the trial court plainly erred and the error is not harmless, we must decide whether to exercise our discretion to correct the error. That determination is a "prudential call that takes into account an array of considerations," including "[1] competing interests of the parties, [2] the nature of the case, [3] the gravity of the error, and [4] the ends of justice in the particular case." *Vanornum*, 354 Or 630. Those four considerations weigh in favor of exercising our discretion to correct the error.

First, although the state may have an interest in avoiding a retrial, the "state has no valid interest in requiring [a] defendant to serve an unlawful sentence." *State v. Gutierrez*, 243 Or App 285, 288, 259 P3d 951 (2011). Second, given the nature of the case—two competing theories about who was the "initial aggressor"—an instruction defining "initial aggressor" was critical to the outcome. Third, the gravity of the error is "[o]f particular importance," because the error "may well have resulted in defendant being wrongly convicted of" a felony. *Worsham*, 332 Or App at 165. Lastly, the ends of justice favor exercising our discretion, because the error "carried a 'significant risk' that it affected the verdict." *Horton*, 327 Or App at 265 (quoting *State v. Pergande*, 270 Or App 280, 285-86, 348 P3d 245 (2015)).

Accordingly, the trial court plainly erred for not defining "initial aggressor." The error is not harmless and warrants the exercise of our discretion to correct the error.[1]

Reversed and remanded.

---

[1]  Given our disposition, we do not address defendant's other assignments of error, as they are not likely to arise on remand or are moot.