758 January 28, 2026 No. 54

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HERIBERTO JIMENEZ-CERVANTES,
*Defendant-Appellant.*

Washington County Circuit Court
23CR35180; A183440

Chris C. Colburn, Judge pro tempore.

Submitted July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Megan Mizuta, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for attempted fourth-degree assault and harassment. Defendant assigns error to the trial court's delivery of the portion of Uniform Criminal Jury Instruction (UCrJI) 1005 that, "[g]enerally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute," and to the trial court's refusal to give his modified version of that instruction. We affirm.

We review a trial court's jury instructions for errors of law. *State v. Taylor*, 182 Or App 243, 245, 48 P3d 182 (2002). In so reviewing, we consider the instructions as a whole and reverse "only if we can fairly say that the instructions probably created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case." *State v. Burris*, 309 Or App 604, 609, 483 P3d 1213, *rev den*, 368 Or 511 (2021) (internal quotation marks omitted).

In *State v. Avalos-Lezama*, 346 Or App 605-07, ___ P3d ___ (Jan 28, 2026), issued this same day, we rejected substantially similar arguments regarding the challenged portion of UCrJI 1005 as those that defendant advances in this appeal. As in *Avalos-Lezama*, we cannot say that the jury instructions in this case, considered as a whole, probably created an erroneous impression of the law in the jurors' minds. *Burris*, 309 Or App at 609. And, because defendant's proposed modifications to UCrJI 1005 were redundant of other portions of the jury instructions, the trial court did not err in refusing to give the modified instruction. *State v. Thomas (A173467)*, 324 Or App 114, 120, 524 P3d 969 (2023) ("[E]ven if a requested instruction correctly states the law, a trial court need not deliver it if the issue is adequately covered by other instructions.").

Affirmed.