604 January 28, 2026 No. 31

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RAFAEL AVALOS-LEZAMA,
*Defendant-Appellant.*

Washington County Circuit Court
21CR61008, 23CR18285; A182933 (Control), A182934

Janelle F. Wipper, Judge.

Submitted July 30, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this consolidated criminal case, defendant appeals judgments of conviction for two counts of first-degree sodomy, ORS 163.405, and three counts of first-degree sexual abuse, ORS 163.427. Defendant assigns error to the trial court's delivery of a portion of Uniform Criminal Jury Instruction (UCrJI) 1005 regarding the functions of the court and jury and refusal to give his requested jury instruction on reasonable doubt. We affirm.

Defendant was indicted on two counts of first-degree sodomy and two counts of first-degree sexual abuse for alleged conduct against A and one count of first-degree sexual penetration and one count of first-degree sexual abuse for alleged conduct against G. A and G are the children of defendant's former partner. Defendant had lived with his former partner, A, and G for many years.

The cases were tried together to a jury in July 2023. The state presented evidence of statements that A and G made to their mother, a counselor, and forensic interviewers between April 2021 and February 2023 regarding defendant's conduct toward them. That conduct included defendant touching A's penis with defendant's hand, defendant putting his penis in A's mouth, and defendant touching G's vagina. A and G also testified at trial. Defendant denied that he engaged in the alleged conduct and challenged the veracity of the children's statements, defending on a theory that the children had developed "false memories" after their mother's repeated questioning as to whether defendant had ever touched them inappropriately.

Defendant objected to the trial court delivering the portion of UCrJI 1005 that states, "Generally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute," contending that it was an inaccurate statement of the law and misleading to the jury. Defendant also requested that the court instruct the jury, regarding "reasonable doubt," that "[y]ou must return a verdict of not guilty if, after careful and impartial consideration of all the evidence in the case, you have not reached a subjective state of near certainty that [defendant] is guilty." The trial court

overruled defendant's objection and denied his requested jury instruction regarding reasonable doubt.

Ultimately, the jury found defendant guilty on all but the first-degree sexual penetration charge. The trial court entered judgments of conviction in both cases and sentenced defendant to a total of 300 months in prison. This appeal followed.

We review a trial court's jury instructions for errors of law. *State v. Taylor*, 182 Or App 243, 245, 48 P3d 182 (2002). In doing so, we consider the instructions as a whole and reverse "only if we can fairly say that the instructions probably created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case." *State v. Burris*, 309 Or App 604, 609, 483 P3d 1213, *rev den*, 368 Or 511 (2021) (internal quotation marks omitted).

We begin with defendant's claim that the trial court erred in instructing the jury that, "[g]enerally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute." That instruction is included in UCrJI 1005 regarding the functions of the court and jury and is part of the instruction directed at informing the jury that they are to weigh the evidence rather than count the witnesses. *See* ORS 10.095(2) (requiring the trial court to instruct the jury "on all proper occasions *** [t]hat they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds"); *In re Jordan*, 295 Or 142, 154 n 9, 665 P2d 341 (1983) (citing ORS 10.095(2) and noting that, "[a]s the triers of fact under our independent review of the evidence we remind ourselves that we do not count the witnesses but weigh the evidence"). The balance of the instruction given, which defendant did not object to, then informed the jury that "[y]ou are not to simply count the witnesses, but you are to weigh the evidence."

In defendant's view, the challenged instruction informed the jury that, if it *generally* found a witness to be credible, then it could determine *any* disputed facts in favor of the party who called that witness. Defendant contends

that, so understood, the instruction incorrectly stated the law, failed to require the jury to find any disputed fact beyond a reasonable doubt, impermissibly commented on the evidence, and reduced the state's burden of proof.

We disagree with defendant's reading of the instruction he challenges, even reading the instruction in isolation. *See State v. Robinson*, 235 Or 524, 527, 385 P2d 754 (1963) (in reviewing jury instructions for error, "the proper inquiry is how the instruction would naturally be understood by the average people who compose juries"). In our view, the more straightforward reading of the instruction is that the jury could rely on the testimony of any witness whom they believe regarding a disputed fact in deciding that particular fact. In his opening brief, defendant appears to acknowledge that that may be the intended meaning of the instruction and that such a reading is a correct statement of law.

In any event, we cannot say that the instruction, when considered in the context of the instructions as a whole, likely created an erroneous impression of the law in the minds of the jury. *Burris*, 309 Or App at 609. Other portions of the instructions informed the jury that, among other things, it was not to simply count the witnesses but weigh the evidence; it was solely responsible for evaluating the evidence to determine how reliable or believable it was; and the state was required to prove each element of each charged crime beyond a reasonable doubt to establish the crime. As a whole, the instructions correctly informed the jury of the state's burden of proof and did not impermissibly comment on the evidence. *See State v. Hayward*, 327 Or 397, 410-11, 963 P2d 667 (1998) ("[a] court impermissibly comments on the evidence when it gives a jury instruction that tells the jury how specific evidence relates to a particular legal issue" or "instructs the jury to draw an inference against the defendant that shifts the burden of proof from the state to the defendant").

We turn then to defendant's second assignment of error, in which he argues that the trial court erred in refusing to instruct the jury that "[y]ou must return a verdict of not guilty if, after careful and impartial consideration of all the evidence in the case, you have not reached a subjective

state of near certainty that [defendant] is guilty." Defendant contends that, under *Jackson v. Virginia*, 443 US 307, 315, 99 S Ct 2781, 61 L Ed 2d 560 (1979), and *State v. Chitwood*, 370 Or 305, 316, 518 P3d 903 (2022), proof beyond a reasonable doubt requires a subjective state of near certitude, that his requested instruction was a correct statement of law, and that the trial court, therefore, erroneously refused to deliver his requested instruction to the jury. Those arguments are foreclosed by *State v. Dowd*, 342 Or App 57, 59-61, 575 P3d 166, *rev den*, 374 Or 421 (2025), in which we recently rejected essentially the same arguments.

Affirmed.