No. 87     February 11, 2026     91

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD TERRY STEPHENS,
*Defendant-Appellant.*

Washington County Circuit Court
21CR61342; A181924

Andrew Erwin, Judge.

Submitted January 7, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals a judgment of conviction for first-degree murder with a firearm, attempted murder with a firearm, first-degree burglary with a firearm, felon in possession of a firearm, unlawful use of a weapon with a firearm, and second-degree kidnapping with a firearm. On appeal, he raises eight assignments of error. In his first two assignments of error, he challenges the denial of his motion for judgment of acquittal for the two attempted murder charges. Because defendant did not preserve his claims of error, we affirm. In his third through seventh assignments of error, defendant contends that the trial court committed plain error when it permitted the state to make particular statements during rebuttal closing argument that defendant argues were improper. Because the statements at issue could have been cured by a jury instruction, we reject those claims of error. In his final assignment of error, he contends that the trial court plainly erred when it instructed the jury that the "testimony of any witness whom you believe is sufficient to prove any fact in dispute." Defendant's claim of error is foreclosed by *State v. Avalos-Lezama*, 346 Or App 604, ___ P3d ___ (2026), and we therefore affirm.

*Motion for judgment of acquittal:* Defendant moved for a judgment of acquittal on the two attempted murder charges. He argued that a reasonable jury could not find him guilty of those charges because such a finding would only be "based on the testimony" of the two victims who, in defendant's view, did not provide credible testimony. In the absence of physical evidence to support those charges, defendant argued that he was entitled to a judgment of acquittal. The state responded that credibility determinations about the victims' testimony are questions for the jury. The trial court agreed, concluding that defendant's motion rested on credibility determinations that were within the jury's "domain" and that it would be improper for the court to make those credibility findings.

On appeal, defendant challenges that ruling in his first two assignments of error. However, he raises a new argument that the court erred in denying the motion for judgment of acquittal because the state did not present

sufficient evidence that defendant had the specific intent to kill those two individuals. That argument offers a materially different basis for challenging the court's ruling from the one he raised below. As described, defendant's argument below focused exclusively on the credibility of the victims, the state responded in kind, and the court denied his motion on that basis. Since defendant did not raise the novel argument he currently raises on appeal before the trial court, we conclude that defendant's claim of error is unpreserved and, because he does not ask us to review it for plain error, we decline to do so. *Cf. State v. Sanelle*, 287 Or App 611, 619-23, 404 P3d 992 (2017), *rev den*, 362 Or 482 (2018) (concluding that the issue was preserved for appellate review when the trial court raised and ruled on it on its own, and the state had a fair opportunity to respond).

*Prosecutorial statements during rebuttal argument:* In his third through seventh assignments of error, defendant raises plain error challenges to statements that the prosecutor made during closing arguments. As defendant acknowledges, he is entitled to reversal only if he can show that the prosecutor's statements were "obviously improper" and, if so, whether it is "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *State v. Chitwood*, 370 Or 305, 312, 314-15, 518 P3d 903 (2022) (internal quotation marks omitted). Framed slightly differently, the statements, individually or collectively, must have been both obviously improper *and* incurable to meet that standard. *State v. Perez*, 373 Or 591, 606, 568 P3d 940 (2025).

The prosecutor's statements that defendant maintains were improper include:

- The prosecutor's references to the victim's brother as having lost his little sister and to the victim's mother as having lost her daughter by virtue of defendant's "brazen crime" and his descriptions of defendant as someone "who wants his and expects to get his way";

- The prosecutor's statements that defendant knew that there were video cameras "all over the place," and that while the prosecutor did not know if defendant thought he was "above the law" or that the police were "stupid,"

"for whatever reason" defendant chose to commit the act in a "very, very brazen fashion";

- The prosecutor's description of the police investigation as being "quite likely the best police investigation you'll ever hear about," pointing to the level of detailed evidence that the police collected;

- The prosecutor's arguments that the jury should "not bu[y] what [defendant is] selling," referring to defendant's attempt to convince the jury that he was innocent by taking one witness's testimony and arguing that it showed that another person committed the crime, and that the witness's testimony was "very, very credible"; and

- The prosecutor's descriptions of the case as being "incredibly strong" and of the evidence as being "overwhelming," and his statement that there was "no question it's [defendant] that did this."

Even assuming that those statements, either individually or collectively, were improper (a proposition on which we express no opinion), they were curable and thus did not deprive defendant of a fair trial. The trial court could have generally instructed the jury to disregard any impropriety and specifically directed the jury to disregard the statements to which defendant now objects, *e.g.*, that the detailed evidence the state was able to collect due to defendant's brazenness carried the state's burden of proving defendant's guilt beyond a reasonable doubt. Indeed, the challenged statements in this case are far less serious than the egregious misstatements of constitutional principles "fundamental to the American justice system" that have led appellate courts in other cases to find a denial of a fair trial. *See, e.g.*, *Chitwood*, 370 Or at 314-17, 320-21.

Thus, there is no basis in this record for us to conclude that a jury instruction to disregard the challenged statements "would not have been sufficiently curative to assure the court *** that the defendant received a fair trial." *Id.* at 312; *see also State v. Washington*, 355 Or 612, 660, 330 P3d 596, *cert den*, 574 US 1016 (2014) ("[A] proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's improper statement.").

*Jury instruction:* In his eighth assignment of error, defendant assigns error to the court instructing the jury that "[g]enerally, the testimony of any witness whom you believe is sufficient to prove any fact in dispute." Defendant did not object to this instruction below and asks us to review it as plain error. His argument is foreclosed by *State v. Avalos-Lezama*, 346 Or App 604, ___ P3d ___ (2026), decided after the parties filed their briefs in this matter, in which we rejected the same argument that defendant raises here and concluded that the instruction correctly stated the law.

Affirmed.